## CONNER *v.* PAXSON and Others.

In an action on the case for the disturbance of a ferry, the defendant proved that the ferry he occupied had been granted to him by a competent tribunal: *Held*, that the defendant's grant, though it might be erroneous, was, whilst unreversed, a bar to the suit.

*Tuesday, May 7.*

ERROR to the *Floyd* Circuit Court.—Case by *Paxson* and others against *Conner* for the disturbance of a ferry. Plea, not guilty. The evidence is spread on the record by a bill of exceptions. In 1815, the defendant below purchased a town lot in *New-Albany*, situate on the land side of *Water* street; and, in 1817, obtained a license from the proper Court for a ferry across the *Ohio* river from that lot. In 1820, the Court granted to the plaintiffs a similar right of ferry from their land on the *Ohio* river, in the same town of *New-Albany*. In 1821, this action was commenced. The defendant relied upon the grant to him of his ferry in 1817. The Court instructed the jury, that, if they were satisfied from the evidence that the defendant owned the land in front of his lot to the margin of the river, they ought to find for him; otherwise they ought to find for the plaintiffs.—Verdict in favour of the plaintiffs for 420 dollars, and judgment accordingly.

SCOTT, J.—In support of the judgment, it is alleged that *Conner*, not being the owner of the land on the water side of *Water* street, was not entitled to receive a license to keep a ferry; and that his grant is therefore void. On the other side it is contended, that, by a liberal construction, the provisions of the statute would justify the grant to *Conner;* and that this statute ought to have a liberal construction. We think it unnecessary at present to decide this question. *Conner* obtained his grant of a ferry from the proper authority. He was bound, on obtaining his grant, to give bond for the faithful performance of the duties connected with it. He could not defend himself against an action brought on that bond, by pleading the illegality of his own grant. The grant to *Conner* is of record; it is a public act of a legal tribunal on a subject within their jurisdic-

tion; and is presumed correct until reversed or set aside by competent authority. It is unreasonable, that a man should be liable to pay damages for exercising a right which he had obtained from a legal source, and which he was bound by a bond, and by the laws of his country, to exercise faithfully. Such a proceeding is manifestly contrary to justice. To impeach the validity of a public grant of record in this collateral way, operates as an unfair surprise upon the grantee; and is calculated to supersede and abolish the more safe and easy practice, which has been sanctioned by the experience and wisdom of ages. If the commissioners acted incorrectly, their proceedings should be set aside by a proper tribunal; but while the grant remained in force and unrepealed, it was a good defence against any action brought against the grantee for the exercise of the rights granted; and ought to have been admitted as a good defence in this case. We think the instruction given by the Court to the jury, and the verdict and judgment, clearly erroneous (1).

*Per Curiam.*—The judgment is reversed, with costs. To be certified, &c.

*Nelson*, for the plaintiff.

*Dewey*, for the defendants.

(1) The judgment was erroneous on another ground. The statute authorizing the grant of a ferry gives a penalty in case of disturbance; and the party injured is confined to the statutable remedy. Vide *Almy* v. *Harris*, 5 Johns. R. 175.—*Lang* v. *Scott*, Nov. term, 1825, post.