### Curtis Ladd *against* Sarah F. Chotard.

The landlord of a ferry rented and occupied by the tenant not liable for losses in crossing the ferry.

WRIT of Error to *Tuskaloosa* Circuit Court. The declaration charged that the defendant, being the owner of a ferry, ferry boat, &c. at the falls of *Cahawba*, and a carrier of goods therein for hire, the plaintiff, on the east side of the river, delivered a waggon, two horses, and divers goods and chattels of his property to defendant; and defendant received them to be safely and securely carried in the ferry boat across the river. Breach, that defendant did not carry and deliver the articles so received; but by her negligence, and unskilfulness, and default, they were wholly lost in crossing the river, &c. Other counts, charging the defendant as a common carrier, &c. General issue, and verdict and judgment for defendant.

On the trial the plaintiff proved that the defendant was the legal owner of the ferry boat; that the ferry was a lawfully established public ferry; that the defendant had given bond as required by law, which bond was in full force at the time of the loss charged. The defendant proved that when the loss happened the ferry boat was rented to one *Blake*, and that he was in possession and entitled to receive the ferriages, and was to pay her a certain yearly rent; that the term of renting was one year, which had begun and not expired when the loss happened. On motion of the defendant the court charged the Jury that at common law she was not liable for any loss sustained in crossing in the ferry boat during the term for which *Blake* had so rented it; to which plaintiff excepted, &c.

*Clarke* for plaintiff; *Barton* and *Pickens* for defendant in Error.

Judge *Minor* delivered the opinion of the Court.

By the Statute of 1820 (Laws Ala. 396.) no person is permitted to open or establish a public ferry without license, and bond and security as prescribed. The party who seeks his remedy by reason of the bond must bring his action on it.

A carrier is liable at common law by reason of the hire; so the owner of a ship is liable because of the *freight to which he is entitled;* and the master because the goods were committed to his charge. Who is the owner referred to in the cases on this principle? Clearly he who is entitled to the freight. If the proprietor of a ship, lighter, or wag-

gon hire it for a given time to another who employs it in the transportation of goods, would the mere ownership of the vessel or vehicle render the proprietor liable? It is evident that the bailor in case of loss must seek his remedy not against the owner, but against the hirer or master, the bailee, to whose charge he delivered the goods, and who is to receive the freight. Has it ever been contended that the proprietor of a house let to be used as an inn is liable for the loss of baggage &c., delivered in charge to the inn-keeper his tenant? / All the arguments adduced in this case to shew that the tenant of the ferry was but the servant of the owner or landlord, and the owner liable for his acts, would prove as clearly that the proprietor of the lighter, waggon, or inn in the cases supposed would be liable for the goods delivered in charge to the hirer. It is the unanimous opinion of the Court that the judgment be affirmed. /

Judge *Gayle* having presided in the Court below, did not sit.