# JANUARY TERM, 1881.

45 65
69 620
45 65
90 604

45 65
153 4441

### CORINNE BILLINGS, ADM'X V. AMOS BREINIG.

*Jurisdiction of maritime torts—Forfeiture not triable as a collateral issue—Ferry franchise—Negligent injury.*

State courts may take jurisdiction of an action for a maritime tort where there is a remedy at common law and the wrong is made actionable by State legislation.

Forfeiture of a franchise can only be determined in a direct proceeding, and not as a mere incident of an action in tort for the purpose of showing that the party injured was attempting to exercise rights which he had lost.

The franchise of keeping a rope-ferry is property having the valuable incidents of other kinds of property and transferable subject to conditions lawfully imposed and to such governmental control as results from its public nature.

It is negligence to disregard a positive regulation that boats moving at night shall exhibit lights, even though the practice may have been otherwise; and if injury is done, it is for the jury to determine how far it was connected with such negligence.

In an action for negligent injury the plaintiff must show that the person injured had exercised due care and had not contributed to the injury; this need not be shown by direct evidence, but may be inferred from the circumstances.

Error to Mason. Submitted October 7, 1880. Decided January 5, 1881.

CASE. Plaintiff brings error. Reversed.

*White & McMahon* for plaintiff in error, to the point that the case was not exclusively within the admiralty jurisdiction, cited *Brig City of Erie v Canfield* 27 Mich. 483; *State of Pennsylvania v. Wheeling etc. Bridge Co.* 13 How. 561;

*Hoffman v. Union Ferry Co.* 47 N. Y. 176; *Lambert v. Staten Island R. R. Co.* 70 N. Y. 104; 2 Parsons on Admiralty 498–9; and that the death of plaintiff's husband was not too remote a consequence of the negligence to be a cause of action : *Castello v. Landwehr* 28 Wis. 522; *Hoyt v. Jeffers* 30 Mich. 181–200; *Metallic Comp. Co. v. Fitchburg R. R. Company* 109 Mass. 277: 12 Am. 689; *Cook v. Parham* 24 Ala. 21; *The Clarita and the Clara* 23 Wallace 1; that it was negligence in defendant to omit to display lights as required by U. S. Rev. Stat. p. 821, Rules 3, 5, 7: *Ure v. Coffman* 19 Howard 56; *Taylor v. Harwood* Taney's Decisions 437; *The Fenham* 23 Law Times 329; *The Pennsylvania* 19 Wallace 136; *McCall v. Chamberlain* 13 Wis. 637; *Messenger v. Pate* 42 Iowa 443; *Moore v. Moss* 14 Ill. 106; *Moody v. Osgood* 60 Barb. 644; *Directors of North Eastern Railway v. Wanless* 9 Eng. 1; *Britton v. Great Western Cotton Co.* 1 Eng. 381; *Bill v. Smith* 39 Conn. 206; *Bigley v. Williams* 80 Penn. St. 107; *Foster v. The Miranda* 6 McLean 221; *Waring v. Clarke* 5 Howard 441–465; or to sound a whistle: *The Gray Eagle* 9 Wallace 505–511; *Chamberlain v. Ward* 21 How. 548–567; *The Continental* 14 Wall. 359; *The Favorita* 18 Wall. 598; that negligence is a question of fact where men of ordinary prudence might differ as to the necessary care: *Thurber v. Harlem, B., M. & F. R. R. Co.* 60 N. Y. 326; *Hays v. Miller* 70 N. Y. 112–116; *Lambert v. Staten Island R. R. Co.* 70 N. Y. 104–108; *Langhoff v. Mil. etc. R. W. Co.* 19 Wis. 489–497; *Ewen v. Chicago & N. W. Ry Co.* 38 Wis. 613–628; *Gaynor v. Old Colony etc. R. R. Co.* 100 Mass. 208; *Sutton v. The Town of Wauwatosa* 29 Wis. 21–33.

*Fitch & Samuels* for defendant in error. Locality is the test of jurisdiction in cases of tort: *Ins. Co. v. Dunham* 11 Wall. 1; *Waring v. Clarke* 5 How. 441; *De Lovio v. Boit* 2 Gall. 465; and the jurisdiction of an act done on the water is not changed by the fact of its taking effect on the land: *Davison v. Sealskins* 2 Paine 324; the omission of a precaution required by statute is not of itself evidence

of negligence and does not dispense with the need of dili-
gence and reasonable precaution on the part of others: *C. C.
C. & I. R. R. v. Elliott* 28 Ohio St. 340; *Wilcox v. Rome
and Watertown R. R.* 39 N. Y. 358; *Galena and Chic. R.
R. v. Dill.* 22 Ill. 271; *Steves v. Oswego and Syracuse R.
R.* 18 N. Y. 422; *Artz v. Chic. Rock Island and P. R.
R.* 34 Iowa 154; *Spencer v. Ill. Cent. R. R.* 29 Iowa
55; *Chic. and Rock Island R. R. v. McKean* 40 Ill.
218; *C. B. & Q. R. R. v. Harwood* 80 Ill. 88; *Ernst v.
Hud. River R. R.* 39 N. Y. 68; *Havens v. The Erie R. R.*
41 (Hand) N. Y. 296; *Gorton v. Erie R. R.* 45 N. Y. 660;
*St. Louis, Jacks. & C. R. R. v. Terhune* 50 Ill. 150; *Belle-
fontaine R. R. Co. v. Hunter* 33 Ind. 335; *Leavenworth,
Lawrence, etc. R. R. v. Rice* 10 Kans. 426; *Baxter v. Troy
and Boston R. R.* 41 N. Y. 502; Wharton on Negligence,
§ 384; Cooley on Torts, 680; *Salter v. U. & B. R. R. Co.*
75 N. Y. 273; contributory negligence bars the right to
recovery: *Kelly v. Hendrie* 26 Mich. 256; *Underwood v.
Waldron* 33 Mich. 238; *Williams v. Mich. C. R. R. Co.* 2
Mich. 259; *Lake Shore & Mich. South. R. R. v. Miller* 25
Mich. 274; *Balt. & Ohio R. R. v. Breinig* 25 Md. 378;
*Lafayette & Ind. R. R. v. Huffman* 28 Ind. 287; *McGrath
v. Hud. Riv. R. R.* 32 N. Y. 144; *Carroll v. Minn. Valley R.
R.* 13 Minn. 30; *Salter v. U. and B. R. R. Co.* 75 N. Y.
273; *Mich. Cent. R. R. Co. v. Coleman* 28 Mich. 440;
*Mabley v. Kittleberger* 37 Mich. 360; *Le Baron v. Joslin*
41 Mich. 313; however slight it may be, if a proximate cause
of the injury: *O'Brien v. Phil. Wilm. & Balt. R. R.* 3 Phila.
76; *Potter Admr. v. Chic. & North. West. R. R.* 21 Wis.
372; *Rathbun and West v. Payne et al.* 19 Wend. 399;
*Barnes v. Cole and Fitzhugh* 21 Wend. 188. The plaintiff
in an action for fatal negligence must not only prove defend-
ant's negligence, but prove that the deceased was not to
blame. *Owings v. Jones* 9 Md. 108; *Mich. Cent. v. Coleman*
28 Mich. 440; *Murphy v. Deane* 101 Mass. 455; *Dickey v.
Maine Tel. Co.* 43 Me. 492; *Warner v. N. Y. Cent. R. R.*
44 N. Y. 465; *Pendleton, etc. R. R. v. Stallmann* 22 Ohio
St. 1; *Galena, etc. R. R. v. Fay* 16 Ill. 558; *I. & St. L. R.*

*R. Co. v. Evans* 88 Ill. 63; Cooley on Torts 673; *Rail
Road v. Miller* 25 Mich. 274; *Le Baron v. Joslin* 41 Mich.
313; and if both are to blame, neither can bring an action.
*Hawkins v. Cooper* 8 C. & P. 473; *Trow v. Vt. Cent. R. R.*
24 Vt. 487; one who places himself in a dangerous position
and suffers injury in consequence contributes to it. *Rail-
road Co. v. Jones* 95 U. S. 439; *Goldstein v. C. M. & St. P.
R. R.* 46 Wis. 404; one who might have avoided an injury
by ordinary care is treated as having sufficiently contributed
to it to defeat a right of recovery. *Collgrove v. N. Y. and
N. H. R. R. Co.* 20 N. Y. 492; *Sherman v. Fall River
Iron Works*, 2 Allen 524; *Hoben v. Burlington*, etc. *R. R.
Co.* 20 Iowa 562; *Bigelow v. Reed* 51 Me. 325.

GRAVES, J.   A wire rope being stretched across an
expansion of the river Marquette at Ludington for ferrying
purposes and connected on shore with a fixed windlass to
elevate it for use and drop it in the water to avoid vessels,
the defendant in the early evening of October 17, 1878, ran
his tug against it.   At the same time the decedent was in
temporary charge of the ferry and was at the windlass for
the purpose of dropping the rope out of the tug's way; he
having repaired to the spot therefore in great haste on learn-
ing that the vessel was moving towards the rope and was
near to it.   The rope was still up, but decedent was in act of
lowering it as the tug struck.   The violent strain whirled the
windlass crank with great suddenness and force and caused
it to strike the plaintiff's husband on the head, killing him
instantly.

The plaintiff brought this action under a statute of 1848
(Comp. L. §§ 6724, 6725), as amended in 1873 by Act No.
94, to recover such damages as should be " fair and just, with
reference to the pecuniary injury resulting from such death,
to those persons   *   *   *   entitled to such damages when
recovered."

The circuit judge took the evidence from the jury, and in
substance and effect directed a verdict for the defendant.   In
so proceeding he seems to have considered that, whatever view
the jury might take of the defendant's conduct, the showing

was conclusive that the catastrophe was owing in part at least to the want of due care on the part of the decedent.

The plaintiff now questions the ruling on a bill of exceptions. The defendant's counsel not only support the opinion of the circuit judge, but urge independent objections against the action. Three points may be first noticed. It is objected that the suit is for a maritime tort where the remedy is by statute, and that the jurisdiction rests in the courts of the United States and cannot be exercised by the state tribunals. The point is not well taken. Rev. Stat. U. S. § 563, subd. 8. The common law gives the right of a common-law remedy to redress the grievance which is made actionable by the state statute, and this brings the case within the saving provision of Congress. *Steamboat Co. v. Chase* 16 Wall. 522 ; *Leon v. Galceran* 11 Wall. 188 ; *Brown v. Gilmore* (Penn. St.). See also *Brig City of Erie v. Canfield* 27 Mich. 479 ; *McDonald v. Mallory* 77 N. Y. 546 ; *Schoonmaker v. Gilmore* 102 U. S. 118, and *Brown v. Davidson* 102 U. S. 119.

It is next objected that decedent's death came about by his acting as a ferryman, and that he was so acting under one Christian, whose authority was under a license granted to his lessor by the board of supervisors of Mason county, who at the time of the license had no authority, because the control of the ferry had prior thereto been given by the Legislature to the city of Ludington in the grant of city government in 1873. The record fails to sustain the objection in the matter of fact.

The trial was in February, 1880, and the proof was positive that the ferry had been then established seventeen years at least, and the license must therefore have antedated, so far as appears, the charter of the city more than ten years. The Legislature had no power, and seems not to have assumed any, to abrogate any existing license. At the time of the occurrence the ferry had been held and occupied under color of a grant from competent authority during the long period mentioned, without any question being raised as to the existence and regularity of the franchise. The public authorities and the public generally had acquiesced. No one suggested

any defects.   It was not doubted but that the grant was legal, and it will not be contended by any one that mere matter of forfeiture could be investigated in this action.   A direct proceeding would be indispensable.   *Harrell v. Ellsworth* 17 Ala. 576 ; *New Albany, etc., R. Co. v. Huff* 19 Ind. 315 ; *Mackall v. Chesapeake, etc., Canal Co.* 94 U. S. 308 ; *Thompson v. R. R. Co.* 3 Sandf. Ch. 625.   The franchise is property, and it possesses the valuable incidents of other species of property (*Conway v. Taylor's Ex'r* 1 Black 603 ; *Lippencott v. Allander* 27 Iowa 460) and subject to that power of control by the government which results from sovereign duty in reference to matters of a public nature, and subject to such conditions as are lawfully imposed, it may be passed from the original grantee to others.   *Lippencott v. Allander* supra ; *Bowman's Devisees and Burnley v. Wathen* 2 McLean 376 ; *Peter v. Kendal* 6 B. & C. 703 ; *Felton v. Deall* 22 Vt. 170 ; *Ladd v. Chotard* 1 Minor (Ala.) 366 ; *Biggs v. Ferrell* 12 Iredell 1 ; *Lewis v. Intendant and Town Council of Gainesville* 7 Ala. 85 ; *Benson v. Mayor, etc. of N. Y.* 10 Barb. 223 ; *Willoughby v. Horridge* 12 C. B. 742 : 16 E. L. & E. 437 ; *Pim v. Curell* 6 M. & W. 234 ; *Bridgland v. Shapter* 5 M. & W. 375.

There is no suggestion of the existence of anything to hinder a transfer by the first proprietor of this ferry, nor prevent subsequent proprietors from leasing it, and as before stated, the public authorities have manifested no disapproval of the changes which seem to have taken place.   So far as appears, the right was in being and in the lawful enjoyment of the decedent's employer when the injury was done.

But were the facts sufficient to raise a question against the regularity of the steps taken to confer the franchise, it cannot be taken for granted that this defendant would be entitled to make use of the circumstance as matter of defense against the present cause of action.   The attempt would encounter strong objections.   *Peter v. Kendal* supra ; *Conner v. Paxson* 1 Blackf. 168.   No decision of the question, however, is now needful.

That the defendant was guilty of negligence seems not to

have been questioned. The evidence tended to show that he knew very well the character of the ferry and its position, and that having that knowledge he moved the tug after dark directly across the ferry track without previous warning by light or whistle. True, there was evidence to the effect that at least one former ferryman had always kept the rope down at night, unless he indicated by his lantern to tugs and other vessels that it was up; so that those directing craft might understand from the absence of such light that the rope was down, and no one claimed that any ferry light was shown on the occasion in question.

The fact remains, however, that under positive provisions it was the absolute duty of defendant to make a seasonable display of certain lights, and a neglect of this duty cannot be answered by saying that he relied on the continuance of a former voluntary practice by some ferrymen to show a light whenever the rope was up, and under which practice he was accustomed to disregard his duty and trust altogether to the spontaneous precaution of the ferrymen. How far his reliance on the practice mentioned, if he did rely upon it, ought to absolve him from the severe moral blame which attaches to reckless, wanton or cruel inattention to duty, it is not worth while to speculate about. The law made it incumbent on him, and without any condition, to exhibit lights, and it gave him no dispensing power. Had this been done, the decedent, as the jury may be led to find on the evidence, would have had such notice of the position and approach of the tug as would have enabled him without haste and without injury to drop the rope. Of course the connection of the defendant's negligence with what happened to decedent would be for the jury. *Willy v. Mulledy* 78 N. Y. 310.

Upon the other branch of the case but little need be said. It was part of the plaintiff's case to satisfy the jury that decedent, under the circumstances, was in the exercise of due care and was not, consequently, in part the producer of what happened. Such is the established rule in this State. *Drew v. Steamboat Chesapeake* 2 Doug. (Mich.) 33; *Lake Shore etc. R. R. Co. v. Miller* 25 Mich. 274; Cooley on Torts, 673

But it was not required that this should be made out by direct evidence. If the occurrence itself and the surrounding circumstances, after due allowance for conflicting considerations, were capable of breeding an inference of it, and a jury might draw it in the proper exercise of their function, it was sufficient. *Bridges v. Directors etc., of N. London R'y Co.* L. R. 7 H. L. 213: 9 Eng. 165; *Cordell v. N. Y. C. & H. R. R. R. Co.* 75 N. Y. 330. In this aspect of the case the circumstances were not of that certain and decisive character, which, without discussion, would at once conduct many different minds to the same conclusion.

It is impossible to say what view under proper instructions the jury would have taken, and the controversy appears to be of that class where investigation falls under the province of the usual triers of ambiguous facts in actions at common law.

The author referred to on the law of Torts observes: " If the case is such that reasonable men, unaffected by bias or prejudice, would be agreed concerning the presence or absence of due care, the judge would be quite justified in saying that the law deduced the conclusion accordingly. If the facts are not ambiguous, and there is no room for two honest and apparently reasonable conclusions, then the judge should not be compelled to submit the question to the jury as one in dispute. On the contrary he should say to them. 'In the judgment of the law this conduct was negligent,' or, as the case might be, 'There is nothing in the evidence here which tends to show a want of due care.' In either case he draws the conclusion of negligence or the want of it as one of law. * * But in the great majority of cases the question of negligence on any given state of facts must be one of fact. And in no case where the facts are in dispute can the judge take the case from the jury and decide against negligence, as matter of law, unless there is a want of evidence fairly tending to establish the negligence which is counted on." Cooley on Torts, 670. And " where the essential fact in a case is whether contributory negligence did or did not exist, and this depends upon the credibility of witnesses, or inferences from facts and circumstances about which honest, intelligent

and impartial men might differ, such a case should be submitted to the jury." *Swoboda v. Ward* 40 Mich. 420 ; and see *Bridges v. Directors, etc., of N. L. R'y Co.* supra ; *Robson v. N. E. R'y Co.* 2 Q. B. Div. 85 : 19 Eng. 228 ; *Directors, etc., Dublin, Wicklow & Wexford R'y Co. v. Slattery* 3 Appeal Cases, H. of L. 1155 : 24 Eng. 713 ; *Tarner v. Walker* L. R. 2 Q. B. 301 ; *Lambert v. Staten Island R. R. Co.* 78 N. Y. 104 ; *The Pennsylvania* 19 Wall. 125 ; *The Wanata* 95 U. S. 600 ; *Stackus v. N. Y. C. & H. R. R. R. Co.* 79 N. Y. 464.

We think the jury should have been charged with the facts. It is not expedient, and indeed could not be safe, to anticipate the showing to be made hereafter, and propose in advance a specific rule for the jury on this question of contributory negligence. In all these cases, the instructions, to be exempt from all tendency to confuse or mislead, and at the same time to afford that judicial assistance which the trial judge in contemplation of law ought to give, should not consist of a string of abstractions or vague generalities, but be framed with careful reference to the exact state of facts adduced, and it is not unreasonable to suppose that another trial of this action may show such deviations or differences from the present record, though actually very slight, as would call for modified advice and directions to the jury.

On the same ground of prudence, it is unadvisable to discuss the evidence in the present record bearing on the question of contributory negligence. It might be made use of against the duty of the next jury.

The judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.