MALLOY v. AMERICAN HIDE & LEATHER CO.

(Circuit Court, D. Massachusetts. October 12, 1906.)

No. 218.

1. DEATH—STATUTORY ACTION FOR WRONGFUL DEATH OF SERVANT—JURISDICTION OF FEDERAL COURT.

The Massachusetts employers' liability act (Rev. Laws Mass. c. 106, §§ 71-74), which authorizes an action to recover damages for the death of an employé, to be "assessed with reference to the degree of culpability of the employer or of the person for whose negligence the employer is liable," is not a penal statute in such sense that an action based thereon may not be maintained in a federal court.

[Ed. Note.—Jurisdiction as affected by state laws, see note to Barling v. Bank of British North America, 1 C. C. A. 513.]

2. COURTS—JURISDICTION OF FEDERAL COURT—PENAL OR REMEDIAL STATUTE.

Whether a state statute is strictly penal, or is so far remedial that an action thereon is within the jurisdiction of a federal court, is a question of general jurisprudence to be determined by that court for itself uncontrolled by local decisions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 818.]

3. DEATH—ACTION FOR WRONGFUL DEATH—PERSON KILLED WHILE VIOLATING THE LAW.

Damages are not recoverable for the death of a boy under 15 years of age, who was killed through the negligence of his employer while he was operating a passenger elevator running at a speed of more than 100 feet a minute, in violation of a statute, providing that such elevators shall be operated only by competent persons not less than 18 years of age, and makes its violation "by operating or causing an elevator to be operated" contrary to its provisions a penal offense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Death, § 32.]

At Law.   On demurrer to the first and second counts of the declaration and demurrer to answer to third count.

Whipple, Sears & Ogden, for plaintiff.
Brandeis, Dunbar & Nutter, for defendant.

LOWELL, Circuit Judge. The first and second counts of the declaration allege a right to recover by reason of the death of the plaintiff's intestate. The action was based upon Rev. Laws Mass. c. 106, §§ 71–74. The material parts of the statute are as follows:

"Sec. 71. If personal injury is caused to an employee, who, at the time of the injury, is in the exercise of due care, by reason of a defect in the condition of the ways, works or machinery connected with or used in the business of the employer * * * the negligence of a person in the service of the employer who was entrusted with and was exercising superintendence * * * the employee or his legal representatives shall * * * have the same rights to compensation and of action against the employer as if he had not been an employee nor in the service, nor engaged in the work of the employer.

"Sec. 72. If the injury described in the preceding section results in the death of the employee, and such death is not instantaneous or is preceded by conscious suffering, and if there is any person who would have been entitled to bring an action under the provisions of the following section, the legal representatives of said employee may, in the action brought under the provisions of the preceding section, recover damages for the death in addition to those for the injury."

"Sec. 74. If, under the provisions of either of the two preceding sections, damages are awarded for the death, they shall be assessed with reference to the degree of culpability of the employer or of the person for whose negligence the employer is liable."

The first count alleges a defect in the ways, works, or machinery, to wit, an elevator. The second alleges the negligence of a superintendent. To these counts the defendant has demurred, upon the ground that the statute referred to is in its nature so penal that it cannot be made the basis of an action in this court, being enforceable only in the courts of the commonwealth. The defendant admits that, in Boston & Maine v. Hurd, 108 Fed. 116, 47 C. C. A. 615, 56 L. R. A. 193, the Circuit Court of Appeals for this circuit held that an action was maintainable in an analogous case. That decision is ordinarily binding upon this court, but the defendant contends that, in Hudson v. Lynn & Boston R. R., 185 Mass. 510, 71 N. E. 66, decided in the Supreme Court of Massachusetts, which is charged with the ultimate interpretation of the statutes of the commonwealth, it was held that the statute in question was penal, inasmuch as it "gave a civil remedy for the recovery of a penalty imposed by way of punishment." 185 Mass. 517, 71 N. E. 69. The Circuit Court of Appeals observed, however, that it is not sufficient that the statute in question "is in the nature of a penal statute. The distinction beween a statute strictly penal, or qui tam, and one in the nature of a penal statute, is pointed out in Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123. The proper test is that, if it is strictly penal, the remedy is subject to the control of the executive of the state by which the proceeding was authorized, and it may be at any time, either before or after judgment, annulled by a pardon." 108 Fed. 119, 47 C. C. A. 615, 56 L. R. A. 193. That the Governor of Massachusetts can remit a penalty imposed by the statute above quoted has never been suggested. Moreover, in Huntington v. Attrill, the Supreme Court said that:

"The test is not by what name the statute is called by the Legislature or the courts of the state in which it was passed, but whether it appears to the tribunal which is called upon to enforce it to be, in its essential character and effect, a punishment of an offense against the public or a grant of a civil right to a private person. In this country, the question of international law must be determined in the first instance by the court, state or national, in which the suit is brought. If the suit is brought in a Circuit Court of the United States, it is one of those questions of general jurisprudence which that court must decide for itself, uncontrolled by local decisions." 146 U. S. 683, 13 Sup. Ct. 233, 36 L. Ed. 1123.

It follows that the decision of the Supreme Court of Massachusetts. even if it be taken to hold that this action is not maintainable here, yet does not bind the federal courts. And, in Oulighan v. Butler, 189 Mass. 287, 295, 75 N. E. 726, the Supreme Court of Massachusetts described the statutory proceeding as a "remedy for death by wrongful act," and observed that "the remedy provided was in the nature of a. penalty, which must be assessed according to the degree of the defendant's culpability or that of his servants." The remedial intent of the statute was thus recognized. As a higher federal court than this has held the action to be maintainable, this court will regard itself as bound by that decision, notwithstanding the expressions of the Supreme Court of Massachusetts in Hudson v. Boston & Lynn R. R. The defendant's demurrer to these counts is therefore overruled.

The third count of the declaration alleges that the plaintiff's intestate was employed by the defendant in running and operating an elevator in a building occupied by and leased to the defendant, and was injured by a fall of the elevator which was caused by the defendant's negligence. The liability alleged is that arising at common law. To all three counts the defendant has answered, inter alia, that:

"If the deceased, William F. Malloy, was in the employ of the defendant at the time of said alleged accident, if any, or at any other time, then the fact is that at the time when the deceased, William F. Malloy, entered the employ of the defendant he willfully and fraudulently misrepresented to the defendant his age and said that he was of the age of eighteen (18) years whereas he was in fact less than fifteen (15) years of age, and by reason of said falsehood and relying upon said statement of said deceased the defendant employed the said deceased and put said deceased in charge of the elevator mentioned in said declaration, and said elevator was an elevator for the carriage of passengers running at a speed of more than 100 feet a minute. And the deceased made such false representations as to his age, well knowing that 't was unlawful for persons under the age of eighteen years to have control of the operation of elevators for the carriage of freight or passengers, running at a speed of more than 100 feet a minute, or for persons under the age of sixteen years to have control of the operation of elevators for the carriage of freight or passengers, in said commonwealth of Massachusetts, and that, if the defendant were informed that the said deceased was under the age of eighteen years, the defendant would not employ the said deceased for such purpose. And at the time of said accident, if any, the defendant under a liability insurance policy issued by the Employers' Liability Company was insured against liability for accidents on or about elevators or otherwise, if such accidents occurred while the elevators were being operated by persons of lawful age; but said policy did not insure the defendant against liability for accidents occurring where said elevators were being operated by persons under the age required by law. And if the deceased had been of the age of sixteen, as he represented himself to the defendant to be, the defendant would have been protected from any liability for said accident, if any, by the terms of said pol-

icy, and, except for said false representation, the defendant would not have employed the deceased, and the deceased would not have been in said elevator at the time that said alleged accident, if any, occurred."

The plaintiff has demurrer to this part of the answer, and has moved to expunge it.

Under the circumstances stated, the plaintiff's intestate at the time of the accident was engaged in an unlawful act. (St. Mass. 1902, c. 350). That the statute covers both employer and employé was not disputed at the argument, and the plaintiff rested his case upon the ground that the act admitted to be illegal did not contribute to the accident.

As was said by the Supreme Court, in Newcomb v. Boston Protective Department, 146 Mass. 596, 602, 16 N. E. 555, 558, 4 Am. St. Rep. 354:

"No case has been brought to our attention, and upon careful investigation we have found none, in which a plaintiff whose violation of law contributed directly and proximately to cause him an injury has been permitted to recover for it; and the decisions are numerous to the contrary. * * * While this principle is universally recognized, there is great practical difficulty in applying it. The best minds often differ upon the question whether, in a given case, illegal conduct of a plaintiff was a direct and proximate cause contributing with others to his injury or was a mere condition of it; or to state the question in another way, appropriate to the reason of the rule, whether or not his own illegal act is an essential element of his case as disclosed upon all the evidence. Upon this point it is not easy to reconcile the cases."

The illegal act of the plaintiff's intestate was the operation of the elevator. His injury occurred "while he was engaged in the performance of his duties on the said day in running and operating the said elevator." The plaintiff's case stands like that of a street car conductor, who, while running a car on Sunday, was struck by a passing car negligently operated (Day v. Highland Street Railway, 135 Mass. 113, 14 Am. Rep. 447); like that of a driver injured by a defect in a bridge while he was driving across it faster than the city ordinance permitted, and where it was not shown that the accident resulted from his rate of speed (Heland v. City of Lowell, 3 Allen, 407, 81 Am. Dec. 670); like that of a man who, while climbing a telegraph pole in violation of a city ordinance, was injured by a street car negligently striking the wire he was carrying (Banks v. Highland Street Railway, 136 Mass. 485). These persons were not permitted to recover. Spofford v. Harlow, 3 Allen, 176, and Steele v. Burkhardt, 104 Mass. 59, 6 Am. Rep. 191, were treated as analogous to suits upon contracts made on Sunday. They were not deemed to be related to the defense here raised, viz., the contributory wrongdoing of the person injured.

Even if this court is not strictly bound by the decisions of the state court (Bucher v. Cheshire R. R., 125 U. S. 555, 8 Sup. Ct. 974, 31 L. Ed. 795), yet I am not disposed in this case to disregard those decisions.

Demurrer to answer overruled. Motion to expunge denied.