SYNESZEWSKI *v.* SCHMIDT.

1. MASTER AND SERVANT — PERSONAL INJURIES — NEGLIGENCE — ACTION — VIOLATION OF STATUTORY DUTY — EMPLOYMENT OF CHILDREN.

Act No. 113, Pub. Acts 1901, as amended by Act No. 171, Pub. Acts 1905, prohibiting the employment of children under 14, and prohibiting the employment of children under 16 where dangerous to life or limb, though it does not expressly give a right of action to persons injured by its violation, and provides no remedy for one so injured, raises a duty to and for the benefit of persons of the class liable to be injured by its violation, and a child injured while so employed may maintain an action for his damages, if not himself a partaker in the wrong, or otherwise precluded by the principles of the common law from his proper standing in court.[1]

2. SAME — NEGLIGENCE — ASSUMED RISKS — CONTRIBUTORY NEGLIGENCE — DOCTRINES INCLUDED.

The law of actionable negligence, as applied between master and servant, embraces the doctrine of the assumption of risks on the part of the servant and the doctrine of contributory negligence.

3. NEGLIGENCE — WHAT CONSTITUTES — VIOLATION OF STATUTORY DUTY — PROXIMATE CAUSE OF INJURY.

Though disobedience of a statute may be conclusive evidence of negligence, a condition of recovery by one urging the disobedience is that such disobedience must be the proximate cause of the injury complained of, or that it contributed to the injury.

4. MASTER AND SERVANT — PERSONAL INJURIES — VIOLATION OF STATUTE — PROXIMATE CAUSE.

Where a boy under 16, employed in violation of Act No. 113, Pub. Acts 1901, was injured while so employed, the causal connection between the violation of the statute and the injury complained of was sufficient to support a recovery.

[1] On the question of employment of children in violation of statute as negligence, see note to *Rolin* v. *R. J. Reynolds Tobacco Co.* (N. C.), 7 L. R. A. (N. S.) 335

5. SAME—FELLOW-SERVANTS—APPLICATION OF DOCTRINE.
  The risk of injury by the negligence of fellow-servants cannot
  be assumed by a child under 14 employed in violation of the
  statute. Act No. 113, Pub. Acts 1901, as amended.

6. SAME—EMPLOYMENT OF CHILDREN—KNOWLEDGE OF EMPLOYER.
  Where defendant employed plaintiff, under 16, without obtain-
  ing the sworn statement of parent or guardian required by
  the statute, Act No. 113, Pub. Acts 1901, as amended, he was
  not relieved from liability for injury to plaintiff during the
  employment by the fact that plaintiff told him he was over
  16 and he accepted the statement in good faith.

Error to Wayne; Brooke, J. Submitted February 20, 1908. (Docket No. 120.) Decided July 1, 1908.

Case by Czeslau Syneszewski, by next friend, against Carl E. Schmidt and Joseph Metzger, copartners as Carl E. Schmidt & Company, for personal injuries. There was judgment for plaintiff, and defendants bring error. Affirmed.

*Keena, Lightner & Oxtoby,* for appellants.

*William Van Dyke,* for appellee.

Act No. 113, Public Acts 1901, prohibits employment of any child under the age of 14 years in any manufacturing establishment. Violation of the act is a misdemeanor. The statute further provides that no child under the age of 16 years shall be employed at employment whereby its life or limb is endangered. The statute gives no right of action to persons injured by its violation. The statute does not provide a remedy for one injured by or on account of its violation. As amended by Act No. 171, Public Acts 1905, the statute not only prohibits employment of children under 14—contracting for their services, —but, also, that they shall not be permitted or suffered to work.

Testimony produced on the part of plaintiff tended to prove that he attained the age of 13 years July 10, 1905, and was employed by defendants in September or Octo-

ber of that year to work in their tannery; that he was not asked, and made no representation concerning, his age. His duties were to take skins from the table of a machine and lay them on a wooden horse, to wash the machine three times a week with water, and to do other work. He was injured January 16, 1906, while assisting in cleaning the machine, a work at which he was set by the person in charge of the machine, who, he was told, was his "boss." The "boss" worked at cleaning on one side of the machine, plaintiff on the other, the machine being idle. The "boss," without warning, started it for the purpose of reaching uncleaned portions of the machinery, and plaintiff's fingers were caught in cogs. As the case was left to the jury, they were permitted to return a verdict for plaintiff if they found plaintiff to have been under 16 years of age, to have been employed at work dangerous to life or limb, and to have himself been free from negligence contributing to the injury. Errors assigned by defendants, appellants, raise, and they present in this court, two questions of law. It is contended, *first*, that defendants are not liable because the injury was caused by a fellow-servant of the plaintiff; *second*, that the court erred in refusing to instruct the jury as, in effect, requested to do, that if plaintiff represented himself at the time he was hired to be more than 16 years of age, and if defendants in good faith believed him to be more than 16, they were not liable, and in saying to the jury in this connection:

"I do not so charge you because I do not believe that is the law. That he did so represent himself and if they did in good faith believe his representations, that would relieve them of any moral responsibility touching their actions, but according to my view of the law it does not relieve them from legal liability if in fact the child was, at the time he was hired, of the age now claimed by his parents, to wit, under fourteen years of age."

It is contended, also, that the act of the "boss," and not the violation of the statute, was the proximate cause of injury.

OSTRANDER, J. (*after stating the facts*).   It is not
open to question (*Sipes* v. *Starch Co.*, 137 Mich. 258,
*Sterling* v. *Carbide Co.*, 142 Mich. 284, *Beghold* v.
*Auto Body Co.*, 149 Mich. 14) that this statute raises a
duty to and for the benefit of persons of the classes liable
to be injured by its violation.   It is the general rule that
a civil action is maintainable where the person complain-
ing is of a class entitled to take advantage of the law, is a
sufferer from the disobedience, is not himself a partaker
in the wrong of which he complains, or is not otherwise
precluded by the principles of the common law from his
proper standing in court.   Bishop on Non-Contract Law,
§§ 132-141.   The legal principles employed in enforcing a
remedy are found in that body of rules known as the law
of negligence, modified as the judicial conception of the
legislative conception and as necessity seems to require.
1 Thompson on Negligence, § 23.   The law of negligence,
which means, of course, the law of actionable negligence,
as applied in most jurisdictions, embraces the doctrine of
the assumption of risks on the part of an employé and the
doctrine of contributory negligence.   It embraces, also,
the doctrine, announced at an early day by this court
(*Billings* v. *Breinig*, 45 Mich. 65, 71), that, although dis-
obedience of a statute may be conclusive evidence of neg-
ligence, a condition of recovery by one urging the dis-
obedience is that such disobedience must be the proximate
cause of the injury complained of or that it contributed to
the injury.   For the purpose of enforcing civil remedies
based upon violations of similar statutes, some courts
have denied the application of the doctrine of contributory
negligence.   *American Car & Foundry Co.* v. *Armen-
traut*, 214 Ill. 509; *Lenahan* v. *Mining Co.*, 218 Pa.
311 (12 L. R. A. [N. S.] 461).   In Minnesota, the ques-
tions of the assumption of risk and of contributory negli-
gence are for the jury, the burden of proving them being
with the defendant after plaintiff has shown a violation of
the statute and injury resulting from the employment.
*Perry* v. *Tozer*, 90 Minn. 431.   So in Iowa: *Bromberg*

v. *Laundry Co.*, 134 Iowa, 38; in New York: *Marino* v. *Lehmaier*, 173 N. Y. 530 (61 L. R. A. 811); and in North Carolina: *Leathers* v. *Tobacco Co.*, 144 N. C. 330. In the Illinois case the rule announced is the one usually applied in suits by the public to recover the statute penalty, *McCutcheon* v. *People*, 69 Ill. 601; *People* v. *Snowberger*, 113 Mich. 86; *People* v. *Grocer Co.*, 118 Mich. 604, and in cases like *Flint, etc., R. Co.* v. *Lull*, 28 Mich. 510, 515. See, also, *Malloy* v. *Leather Co.*, 148 Fed. 482. In giving effect to a portion of the statute we are now considering, this court held that the plaintiff did not assume the risk of violation of the statute duty. *Sipes* v. *Starch Co.*, supra. In *Sterling* v. *Carbide Co.*, the plaintiff was injured by machinery while doing the work he was employed to do. It was held that—

"Disregard of the inhibition of this statute, by placing the plaintiff at work at an employment where his life or limb was endangered, constituted the negligence or wrong of which plaintiff has the right to complain, and that the causal connection between that wrong and the injury to plaintiff is clear."

It was said further that the question of assumption of risk was settled by the case of *Sipes* v. *Starch Co.* Upon this point I am not able to distinguish the case at bar and the *Sterling Case*. A distinction sought to be made by counsel rests upon the fact, in the case at bar, that plaintiff was injured by the negligent act of a fellow-servant; that the work he was doing was not in itself dangerous and that injury would not have resulted but for such negligent act. In the argument counsel fail to give effect to two important facts. In the first place, it was not lawful for defendants to employ plaintiff in their establishment at any work. It is true the trial court did not instruct and the jury did not proceed upon this particular inhibition. But the fact is not disputed, and when the law forbids that one shall be employed as a servant it seems illogical to say that he may be a fellow-servant, or that the employer can be permitted to say that one who under the

terms of positive law may not be his servant is fellow-servant of his servants. It is only by becoming a servant that the risks of employment, including those arising out of the negligence of fellow-servants, is assumed. In the second place, there was in this case what may be termed a double violation of the statute. Plaintiff was injured, as was the plaintiff in the *Sterling Case*, while engaged in the work he was set to do. It was dangerous work if his "boss," without warning, set the machine in motion. He did set it in motion and injury resulted. The negligence of the "boss," who was undoubtedly a servant of the employer, was a hazard of the employment which, if assumed by plaintiff, effectually destroys his right to the enforcement of the statute duty. It was not different, so far as assuming risk is concerned, from the hazard arising from unguarded machinery. And any argument based upon the idea that the injury was caused by a fellow-servant implies that the rule obtaining in cases where injury is caused by an intervening, independent, responsible human agency has no application. See *Nickey* v. *Steuder*, 164 Ind. 189. Compare *Rolin* v. *Tobacco Co.*, 141 N. C. 300 (7 L. R. A. [N. S.] 335). Appellants' first and last contentions are therefore overruled.

Defendant Metzger testified that after the employment of plaintiff and previous to his injury he talked with him:

"*Q.* Did you ask this boy his age?
"*A.* I did, and he said he was 16.
"*Q.* Did he look it?
"*A.* Yes, he did."

He further testified that plaintiff at the hospital, after being injured, stated that he (plaintiff) told the foreman of defendants when he hired him that he was 16 his last birthday. Another witness testified that after the injury the mother of plaintiff stated that plaintiff told her he had a job and that he told the boss he was 16. All of this testimony was contradicted. The question is whether, assuming the testimony on the part of defendants to be true, it furnishes a defense to the action. It may be sup-

posed that in time the statute will be perfected so as to extend the prohibitions to children and to their parents; that the legislature will more definitely point out the evidence upon which employers may rely in employing minors at labor. It does now provide that no child under the age of 16 shall be hired or employed in any manufacturing establishment, hotel, or store—

"Without there is first provided and placed on file a sworn statement made by the parent or guardian, stating the age, date and place of birth of said child, and that the child can read and write. * * * If said child have no parent or guardian, then such statement shall be made by the child, which statement shall be kept on file by the employer, * * * and which said * * * statement shall be produced for inspection on demand by any factory inspector appointed under this act: *Provided*, That in the city of Detroit and the city of Grand Rapids all sworn statements must be made before a deputy factory inspector."

Some effect must be given to this provision. It is unnecessary to determine whether it is mandatory or whether a false statement made by a parent would prevent a recovery by a child unlawfully employed. It is a precaution which in furtherance of the legislative purpose the employer is in terms required to observe. It cannot be said that its observance would not tend to prevent unlawful employment of children, and, therefore, prevent violations of the law. It is calculated not alone to discover the exact age of children under 16, but, also, whether they are over or under that age. Defendants did not observe it. They say it is not required if the child is more than 16 years old. But plaintiff was not 16 years of age and was employed by them, in violation of the statute, without any precaution except to inquire his age and to judge, from his appearance, that he was telling the truth. His age was in question, they regarded the fact as of importance and they determined, upon the evidence presented, whether his employment would be lawful or unlawful. It has been suggested that the statute should be

construed as providing, in effect, for a certificate and permit from the parents or guardians of children,—a construction which is aided by the words employed in the 1905 form of the statute,—in the absence of which, so far as the age of the child is concerned, employers hire children at their peril.   Whatever force there may be to this suggestion, it is sufficient for the purposes of this case to say that all that defendants did they would be, in good faith, required to do in any case.   But the statute does not accept the mere statement of a child as to his age and the court cannot aid one who did accept it.

The judgment is affirmed.

GRANT, C. J., and BLAIR, MONTGOMERY, and MOORE, JJ., concurred.