# JUNE TERM, 1914.*

---

POWELL *v.* E. H. STAFFORD MANUFACTURING CO.

1. MASTER AND SERVANT—INFANTS—TRIAL — CONTRIBUTORY NEGLI-GENCE.

Plaintiff, a minor under the age of 17 years, who was employed in the factory of defendant, was directed to assist the operator at one of the trimming machines of the defendant, and, while working close to the knife, relying on the operator not starting the machinery, was injured. He claimed he was not given proper instructions, although the testimony on this issue was conflicting. He testified that he was not told what to do except in a general manner and supposed the operator would not start the machine while he was so engaged. *Held*, that the question of contributory negligence could not be determined as a matter of law, and was correctly left to the jury.

2. SAME—INSTRUCTIONS—CHARGE.

And the charge of the court instructing the jurors that if he put his hand under the knife without caution and without calling the attention of any one to the act, or without instructions from any person to do so, unless he thought it necessary in the performance of his work, he was negligent, did not set up an improper standard, and, considered with the remainder of the instructions which advised the jury correctly as to the care required of plaintiff, etc., was sufficiently favorable to the defendant.

3. SAME—FRAUD—MISREPRESENTATION OF MINOR AS TO AGE.

Requests to charge based on alleged misrepresentations of plaintiff that he was more than 17 years of age, and requested instructions that the employer was entitled to rely on his statements, *held*, inapplicable and properly refused, upon testimony of defendant's agent that he did not rely upon plaintiff's representations.

---

* Continued from Vol. 182.

Error to Ionia; Davis, J. Submitted June 11, 1914. (Docket No. 61.)   Decided October 3, 1914.

Case by Joseph Powell, by next friend, against E. H. Stafford Manufacturing Company for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Ellis & Ellis,* for appellant.

*R. A. Hawley,* for appellee.

OSTRANDER, J. Alleging in his declaration that the defendant, his employer, set him at work dangerous to life and limb, that he was within the protection of the statute (Act No. 285, Pub. Acts 1909, 2 How. Stat. [2d Ed.] § 4009 *et seq.*), and that he was, without fault on his part, injured in performing his work, plaintiff sued for and recovered a judgment for damages. A motion for a new trial was refused. Whether, considering his age, the employment, and the instructions which were given him, plaintiff's injuries were due to his own negligence was the principal issue at the trial and is the principal question presented by the record before us; it being contended that upon this point a peremptory instruction should have been given in defendant's favor. That the instructions given were prejudicial, and that, in any event, a new trial ought to have been granted, are other contentions of appellant.

There seems to be no particular dispute about plaintiff's age. That he was injured upon one of defendant's machines at which he was assisting another and mature operator in the operation of trimming veneer is clear. It is a contention of defendant that the plaintiff's duties, if performed according to the nature of the work to be done and the instructions which were given, placed him in no danger and made

his injury impossible.  As it was, instead of keeping
a position at a distance from the cutting knife of the
machine—a position which defendant says was as-
signed him by the operator and indicated by the very
nature of the work—it occurred that plaintiff's wrist
was cut by the knife when it was set in motion by the
operator.  If plaintiff was not instructed, but, being
called upon to assist the operator, was left to himself
to measure the assistance he ought properly to give,
depending upon the operator not to set the knife in
motion while he was in danger, he might or might not
be considered negligent, depending upon the judgment
a youth of his age and experience, called upon for the
first time to perform the service, ought to have exer-
cised.  The testimony is conflicting.  Inferences may
be, and it is claimed by appellant ought to be, drawn
from the nature of the injury inflicted.  Such infer-
ences are drawn, by counsel, in argument.  I am im-
pressed that the contention cannot be decided as mat-
ter of law, and that it was not error to submit it to a
jury.

It is pointed out that in one portion of the charge
the court said, in defining "negligence" and in apply-
ing the definition, that if plaintiff—

"Did not use the care and prudence that an ordinary
man would under such circumstances, but put his hand
through without caution and care, and without calling
the attention of anybody to the matter, or without
instructions from any person to put his hand under
the knife, *unless he thought it necessary in the per-
formance of his work,* then I charge you he would be
guilty of negligence, and if he was guilty of negli-
gence, he cannot recover in this case."

It is argued that the theory of recovery suggested
in the instruction is not the theory of the declaration,
which alleges the performance of a duty in accordance
with orders—that plaintiff was ordered to do that
which he did do.  It is further argued that an im-

proper standard was set up when it was suggested that what plaintiff thought was his duty, or thought was necessary to be done in performing it, was substituted for what he was or ought to have been instructed to do, or what was obviously necessary to be done within his instructions and his experience. It seems to be clear from a reading of the entire charge that the court had in mind, when the phrase I have italicized was used, an element which is plainly in the case and has already been referred to. To order an inexperienced and youthful employee to assist another to do a particular thing, and to stop there, may be to leave to inexperienced judgment the details, the method, of rendering assistance. Plaintiff says in the case at bar, that he was ordered to assist the operator of the machine, but was not told, except in a general way, how to assist, what to do, or what not to do, that he supposed he was doing a proper thing when he was hurt, and that while he was doing it the operator would not set in motion a knife which, when his hand approached it, was not in motion and could not be put in motion except by the act of his fellow workman. It is obvious that, as the jury found the plaintiff was performing or was not performing his apparent duty, it would find the employment dangerous or otherwise. There is no variance. The case submitted is the case alleged in the declaration and the case made by the testimony. If the plaintiff ought to have known better, was reckless or careless, he should not ask defendant to repair the consequences of his fault. This the court, in substance, told the jury. The whole charge was favorable, rather than unfavorable, to appellant.

While several witnesses sworn for defendant contradicted plaintiff in regard to the instructions given him, there were circumstances proven by which the truthfulness of the testimony might be, in some de-

gree, tested, which made the issue particularly one to be decided by a jury. The case for defendant is not so strong that we may say the verdict should be set aside because against the weight of evidence.

Appellant preferred a number of requests to charge based upon a claimed misrepresentation of plaintiff with regard to his age when he sought and entered upon the employment. In some of them the ruling asked for is, in substance, that as plaintiff represented himself to be, so his employer had the right to believe him to be and to instruct him accordingly, and so the jury had the right to and should regard his conduct. Questions of more than ordinary interest are thus suggested and discussed by counsel for appellant, but they are not properly for discussion because defendant's witness who hired plaintiff does not pretend that the plaintiff misrepresented his age, nor claim to have taken any precautions or to have entered upon any investigation of the matter. He thought, he says, from plaintiff's appearance, that he was "anywhere from 17 to 19 years. Somewheres along in there." True, plaintiff testified that he told this witness that he was 17 years of age when, in fact, he was 16 years and 2 months old. But defendant's agent did not, according to his testimony, rely upon what plaintiff told him, but did rely upon his own judgment. Upon this point the case at bar and *Syneszewski* v. *Schmidt*, 153 Mich. 438, 444, 445 (116 N. W. 1107), cannot be distinguished. What was there said is applicable here.

I do not find reversible error made out, and think therefore the judgment should be affirmed.

McALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.