## MESSENGER v. PATE ET AL.

1. **Negligence:** VIOLATION OF STATUTE. Where an act is prohibited by statute one who is injured by the violation of the statute may maintain an action therefor, and such violation, if proved, constitutes negligence.

2. ——: ——. Where one is employed about a threshing machine whose tumbling rod was not boxed as required by statute, he may recover for injuries caused thereby to which his own negligence does not contribute.

3. ——: ——: PLEADING. It is sufficient if the plaintiff plead in general terms the absence of contributory negligence. The degree of care required can be estimated by no fixed standard, but must be determined by the circumstances of each particular case.

| 42 | 443 |
| 80 | 464 |
| 42 | 443 |
| 86 | 240 |
| 42 | 443 |
| 93 | 248 |
| 42 | 443 |
| f113 | 560 |

*Appeal from Clinton Circuit Court.*

THURSDAY, MARCH 23.

THE petition alleges that in August, 1874, the defendants owned and operated a threshing machine in a careless, negligent and unlawful manner, by permitting the tumbling rods in close proximity to those employed thereabouts to be unpro-

tected, exposed and unsafe; that plaintiff was there rightfully employed at and about said machine *and seeing its condition and how it was operated*, and, although using due care and diligence and without any fault on his part, was by reason of the negligence, carelessness and unlawful operating of said machine, seriously injured, for which he claims damages.

Defendants demur, and as reason therefor state that the facts relied on as constituting negligence on defendants' part are not sufficient, no act or acts of negligence being alleged; and that it appears from the petition that plaintiff was an employe, working about said machine, with full knowledge of the alleged defects and imperfections therein. Demurrer overruled. Defendants excepted. Judgment rendered against them, and they appeal.

*Walter I. Hayes* and *George B. Young*, for appellants.

Where the statute makes anything unlawful which was lawful before and appoints a specific remedy therefor, by a particular method of proceeding, that method must be pursued and no other. (*Rex v. Robinson*, Burr, 800; *People v. Stevens*, 13 Wend.; 341; *Behan v. O'Keefe*, 9 Bosw., 536; *Behan v. People*, 17 N. Y., 516.) That an act is illegal is not conclusive that it is negligence, giving the right of action to one injured thereby. (*Lane v. Atlantic Works*, 107 Mass., 104; *Barden v. Crocker*, 10 Pick., 383; *Stevens v. O. & S. R. Co.*, 18 N. Y., 422.) One might be guilty of an illegal act, but if he acted with ordinary prudence he would not be liable for civil damages. (*De France v. Spencer*, 2 G. Greene, 462.) In cases of injuries to persons by a violation of a statute, the violation is evidence of negligence, but not conclusive unless it is shown that the violation *caused* the injury. (Shearm. & Redf. on Neg., § 485.) The servant assumes such risk as he has knowledge of, even impliedly, and there is no obligation upon the part of the master to use the latest, most improved or safest machinery, only that he shall not mislead the servant as to its condition. (Whart. on Neg., Chap. 5; *Hayden v. Smithville Co.*, 29 Conn., 548.) When the legislature, in

modifying the statute, omitted the part giving civil damages the intent must have been to leave individuals to redress their wrongs, without regard to the statute. (*Hudson v. Blaufus*, 22 Iowa, 323; *Aylsworth v. C. R. I. & P. R. Co.*, 30 Id., 460; *Rich v. Keyser*, 54 Pa. St., 86.) Statutes in derogation of the common law should be strictly construed. (*Hargreaves v. Deacon*, 25 Mich., 7.) That the legislature has given civil damages in other like statutes tends to show that they did not intend them where they are not mentioned. (*Brown v. B. & S. L. R. Co.*, 22 N. Y., 199.) Only when the facts are disputed need an issue be submitted to the jury. (*Greenleaf v. I. C. R. Co.*, 29 Iowa, 14; *Artz v. C. R. I. & P. R. Co.*, 34 Id., 161.)

*Miller & Smith*, for appellee.

Where one does an illegal act, which is likely to prove injurious to others, he is answerable for all the consequences which may ensue. (*Vandenburg v. Truax*, 4 Denio, 464.) Where a statute imposes a duty but gives no penalty to the party aggrieved by its non-performance, he is entitled upon common law principles to maintain an action for the mischief. (*Couch v. Steel*, 8 E. & B., 402; *Stevens v. Jeacocke*, 6 H. & N., 488.) In such cases in this State, the defendant is absolutely liable, regardless of the question of diligence. (*Conn v. May*, 36 Iowa, 241.) Neglect to provide reasonably safe appliances for the safety of servants constitutes negligence. (Whart. on Neg., § 213; *Greenleaf v. I. C. R. Co.*, 29 Iowa, 14; Shearman & Redfield on Neg., § 580.) The question as to whether he had knowledge of the defects could not be raised on demurrer. (*Greenleaf v. I. C. R. Co.*, *supra*; *Greenleaf v. D. & S. C. R. Co.*, 33 Iowa, 152.)

ROTHROCK, J.—Sec. 4064, of the Code, provides, "that if any person run any threshing machine in this State, without having the two lengths of tumbling rods next the machine, together with the knuckles or joints and jacks of the tumbling rods safely boxed and secured, while the machine is running, he shall be deemed guilty of a misdemeanor, and be punished, etc."

I. The first question presented is that as the statute does not in terms give a right of action to a person injured by the neglect of the person operating the machine to comply with the law, is it a sufficient allegation of negligence to aver that the tumbling rod was not boxed and secured, and that the injury resulted by reason of the want of such protection?

We have no doubt that a right of action exists independent of an express statute authorizing it, and we concur in the general proposition that whenever an act is enjoined or prohibited by law, and the violation of the statute is made a misdemeanor, any injury to the person of another caused by such violation is the subject of an action; and that it is sufficient to allege the violation of the law, as the basis of the right to recover, and as constituting the negligence complained of. In cases involving the violation of city ordinances by running railroad trains at a greater rate of speed than allowed, it is held sufficient to prove that the accident complained of was caused by a violation of the ordinance, and that this is negligence. *Correll v. The B. C. R. & M. R.*, 38 Iowa, 120.

1. NEGLI-
GENCE: viola-
tion of stat-
ute.

II. The defendant insists that the petition shows that the plaintiff was guilty of contributory negligence. It is sufficient in this class of cases to plead the absence of contributory negligence in general terms. *Nels. Grinde v. The M. & St. P. R. Co., infra;* and it is not fair to conclude that as plaintiff concedes he saw the condition of the machine, and how it was operated, that he was guilty of contributory negligence, notwithstanding the allegation that he used due care, and that the accident occurred without fault on his part.

"Ordinary diligence is no fixed and unalterable standard of care. It is always to be determined by the facts of each particular case and is as variable as the cases." *Murphy v. The C. R. I. & P. R.*, 38 Iowa, 539. The facts are not alleged here as in the case of *Dodge v. The B. C. R. & M. R.*, 34 Iowa, 276, and consequently it cannot be determined on demurrer that there was contributory negligence on the part of plaintiff.

AFFIRMED.