Mittelstadt vs. Morrison and another.

MITTELSTADT, Appellant, vs. MORRISON and another, Respondents.

*February 26 — March 18, 1890.*

*Racing on street: Private action: Municipal ordinance.*

Racing and driving on a public street at an unlawful and dangerous rate of speed, calculated to frighten horses of ordinary gentleness traveling thereon, give a right of action to a person injured thereby, independent of a municipal ordinance prohibiting such driving; and the setting forth of such ordinance and its violation in the complaint does not necessarily render the action one to recover private damages merely for such violation.

APPEAL from the Circuit Court for *Winnebago* County.

The substance of the complaint is stated in the opinion. The plaintiff appeals from an order sustaining a general demurrer thereto.

For the appellant there was a brief by *Jackson & Thompson,* and oral argument by *H. B. Jackson.* To race on a thoroughfare of a populous city is a "wrongful" as well as a negligent act, and if the plaintiff is injured thereby he has his remedy. Add. on Torts, 511; *Thorogood v. Bryan,*

8 Com. B. 115; *McDonald v. Snelling*, 14 Allen, 290; *Hayes v. M. C. R. Co.* 111 U. S. 228. And see *Hughes v. Fond du Lac*, 73 Wis. 380; *Little v. Madison*, 42 id. 643; *Schultz v. Milwaukee*, 49 id. 254; *Carmichael v. Dolen*, 25 Neb. 335. The defendants are liable although the running away of plaintiff's team intervened to do the damage, since the team was put in motion by defendants' wrongful act. *McDonald v. Snelling*, 14 Allen, 290; *Pollett v. Long*, 56 N. Y. 200; *Brown v. C., M. & St. P. R. Co.* 54 Wis. 342; *Smethurst v. Barton Square Church*, 148 Mass. 261. When a municipal ordinance imposes upon a person a duty designed for the protection of others, if he neglects to perform the duty he is liable for damages. *Osborne v. McMasters*, 40 Minn. 103; *Bott v. Pratt*, 33 id. 323; *Willy v. Mulledy*, 78 N. Y. 310, 312; *Hayes v. M. C. R. Co.* 111 U. S. 228; *Aldrich v. Howard*, 7 R. I. 199; *Reardon v. Faneuil Hall Ins. Co.* 135 Mass. 121; *Salem Turnp. & C. B. Corp. v. Hayes*, 5 Cush. 458; *McGrath v. N. Y. C. & H. R. R. Co.* 63 N. Y. 522; *Hass v. C. & N. W. R. Co.* 41 Wis. 44; *Martin v. W. U. R. Co.* 23 id. 437–440; *Weyl v. C., M. & St. P. R. Co.* 40 Minn. 350; *Barry v. Terkildsen*, 72 Cal. 254–8; *Winstanley v. C., M. & St. P. R. Co.* 72 Wis. 375–381.

For the respondents the cause was submitted on the brief of *Finch & Barber* and *Gabe Bouck*. They contended, *inter alia*, that the plaintiff could not maintain an action based wholly on the violation of the ordinance. Cooley on Torts, 653; *Phil. & R. R. Co. v. Ervin*, 89 Pa. St. 71; *Phil. & R. R. Co. v. Boyer*, 97 id. 91; *Vandyke v. Cincinnati*, 1 Disn. 532; *Chambers' Adm'r v. Ohio L. Ins. & T. Co.* id. 327; *Heeney v. Sprague*, 11 R. I. 456; *Knupfle v. Knickerbocker Ice Co.* 84 N. Y. 488; *Moore v. Gadsden*, 93 id. 12; *Brown v. B. & St. L. R. Co.* 22 id. 191; *McGrath v. N. Y. C. & H. R. R. Co.* 63 id. 522; *Hanlon v. S. B. H. R. Co.* 129 Mass. 310; *Hall v. Ripley*, 119 id. 135; *Burbank v. Bethel S. M. Co.* 75 Me. 373; *Kirby v. Boylston M.*

*Asso.* 14 Gray, 249; *Flynn v. Cunton Co.* 40 Md. 312; *Brusbery v. M., L. S. & W. R. Co.* 50 Wis. 233. Considered as at common law, the consequences and damages were too remote. *Renner v. Canfield*, 36 Minn. 90; *Lehman v. Brooklyn C. R. Co.* 47 Hun, 355; 1 Suth. Dam. 53; *Pigott v. Lilly*, 55 Mich. 154.

COLE, C. J. It seems to us very clear that the complaint in this case states a cause of action. It alleges, in substance, that while the plaintiff was driving on Main street, one of the principal streets of the city of Oshkosh, on the 22d day of February, 1888, the defendants, each with his own horse attached to his cutter, entered into a contest of speed with their horses, and drove on the street at an improper, unlawful, and dangerous rate of speed, much faster than six miles an hour; and, at the place where the plaintiff was driving, and upon approaching the plaintiff and his horses and sleigh, the defendants, with a great rush and noise and clatter of hoofs and sleighs, did drive rapidly, unlawfully, and negligently together upon the left side of plaintiff's team, in a manner well calculated to frighten horses of ordinary gentleness, and did actually frighten the plaintiff's horses so that they became unmanageable and could not be controlled, but ran away, throwing him violently from his sleigh and injuring him and breaking his sleigh. It appears to us that this shows an actionable wrong on the part of the defendants, beyond all question; for the proposition cannot be denied that all persons have an equal right to travel upon a public highway. From this equal right, it follows that each person must make a reasonable use of the highway, so as not to interfere with the enjoyment of the common right. Reckless and negligent driving on the street, and at a rate of speed calculated to frighten horses of ordinary gentleness which are traveling on the same, certainly gives a right of action to a party injured thereby. No one

has a right to make a race-course of a public street in a populous city, but must use it in a reasonably prudent manner, consistent with its lawful use by other travelers. We need not cite authorities in support of these views, for their soundness accords with reason and good sense. Indeed, the defendants' counsel does not contest their correctness, for he says: "We admit that a party, not alone on the public highway, but on his own premises, must act with ordinary care and prudence; and, if he does not, he is liable to a person injured through his negligence." Now, it is alleged that the defendants entered into a contest of speed with their horses on the street, and drove along the same at a dangerous and unlawful rate of speed, and frightened the plaintiff's horses, and caused them to run away and produce the injury of which he complains. This clearly shows that the plaintiff has sustained an injury caused by the unlawful and negligent acts of the defendants. It seems to us too plain for discussion that the defendants are liable on the facts stated.

The plaintiff has annexed to, and made a part of, his complaint, an ordinance of the common council of the city prohibiting all persons from driving on Main street faster than six miles an hour, under a penalty of five dollars for each and every offense. The defendants' counsel, in the brief filed, discusses the case as though the action was to recover private damages for a violation of this ordinance, but we do not so understand the complaint. The law certainly gives the plaintiff a remedy for his injury independent of the ordinance. The ordinance is in line with the duty which the law imposes. The law required the defendants to make a reasonable use of the highway, consistent with the safety and rights of others traveling upon the same. The ordinance does not impose a new duty as to fast driving on the street, where none existed before; for it is negligent or unlawful driving to excite horses to such a rate of speed

JANUARY TERM, 1890.                    269

Hotchkiss vs. The Phœnix Ins. Co. of Brooklyn.

that they could not be stopped or properly directed. *Cotterill v. Starkey*, 8 Car. & P. 691, see note *b*, charge of BEST, C. J.  The fact that the defendants were driving at a rate of speed prohibited by the ordinance may be proof of negligence (*Wright v. M. & M. R. Co.* 4 Allen, 283; *Hall v. Ripley*, 119 Mass. 135; *Hanlon v. S. B. H. R. Co.* 129 Mass. 310); but a violation of the ordinance is not the *gravamen* of the complaint, but it is the defendants' negligent and improper driving which caused an injury to the plaintiff, and which amounted to a breach of legal duty at common law.

It follows from these views that the order of the circuit. court sustaining the demurrer to the complaint must be reversed, and the cause remanded for further proceedings.

*By the Court.*—It is so ordered.