Mueller vs. Milwaukee Street R. Co.

MUELLER, Appellant, vs. MILWAUKEE STREET RAILWAY COMPANY, Respondent.

*October 21 — November 7, 1893.*

Street railways: Injury to carriage by sudden stopping of car: Proximate cause: Negligence: Violation of ordinance.

1. A street car, while crossing a street on which a funeral procession was moving, stopped suddenly in the middle of the street in front of the first carriage, thereby causing it to stop so suddenly that the pole of the second carriage, which was following close behind, broke into its back. *Held,* that the stopping of the street car was the proximate cause of the injury.

2. The fact that the street car was stopped in the middle of the street in violation of a penal ordinance, was sufficient proof of negligence on the part of the street railway company.

APPEAL from the Superior Court of *Milwaukee* County.

Action to recover damages for an injury to plaintiff's carriage, alleged to have been caused by the negligence of defendant and its servants. The facts are sufficiently stated in the opinion. The plaintiff appeals from a judgment of nonsuit.

*John J. McAuliffe,* for the appellant, as to what was the proximate cause of the injury, and to the point that plaintiff could recover although the stopping of defendant's car was not the *sole* cause, cited *Stetler v. C. & N. R. Co.* 46 Wis. 497; *Atkinson v. Goodrich Transp. Co.* 60 id. 141; *Papworth v. Milwaukee,* 64 id. 389; *Sherman v. Menominee R. L. Co.* 72 id. 122; *McClure v. Sparta,* 84 id. 269; *Selleck v. L. S. & M. S. R. Co.* 93 Mich. 375; *Campbell v. Stillwater,* 32 Minn. 308; Shearm. & Redf. Neg. sec. 39; Cooley, Torts, 76, 78, note; 2 Thomp. Neg. 1084; *Grimes v. L., N. A. & C. R. Co.* 3 Ind. App. 573, and cases there cited. If there was any question in the case as to what was the proximate cause of the injury, that question should have been

submitted to the jury. *Stetler v. C. & N. W. R. Co.* 46 Wis. 497; *Durgin v. Munson*, 9 Allen, 396; *Kerrigan v. West End S. R. Co.* 158 Mass. 305.

For the respondent there was a brief by *Miller, Noyes & Miller*, and oral argument by *F. A. Geiger*. They contended that although it may have been a negligent act on the part of defendant to stop its car in the middle of the street, and although it may have been a violation of a statutory duty, yet the burden rests upon the plaintiff to show that the injury resulted *proximately* therefrom. 16 Am. & Eng. Ency. of Law, 422, and cases cited; *Hayes v. M. C. R. Co.* 111 U. S. 228. The stopping of the car was not the proximate cause of the injury, but was "a cause which some independent force took advantage of to accomplish something not the probable or natural effect thereof." Bishop, Non-Cont. Law, sec. 41; *Milwaukee & St. P. R. Co. v. Kellogg*, 94 U. S. 469; *Atkinson v. Goodrich Transp. Co.* 60 Wis. 161; *Selleck v. L. S. & M. S. R. Co.* 58 Mich. 195; *Pittsburgh, C. & St. L. R. Co. v. Staley*, 41 Ohio St. 118; *Jackson v. N., C. & St. L. R. Co.* 13 Lea (Tenn.), 491; *Brown v. W., St. L. & P. R. Co.* 20 Mo. App. 222; *McCandless v. C. & N. W. R. Co.* 71 Wis. 41, 46.

ORTON, J. The facts of this case are as follows: The plaintiff was an undertaker and liveryman, and occupied his own carriage in front of a funeral procession of carriages and buggies, going north in Fourteenth street in Milwaukee towards the cemetery. About the time the plaintiff arrived at the crossing over North avenue, the car of the defendant was at the same crossing, going north on said avenue, and the car was suddenly stopped directly across Fourteenth street, which compelled the plaintiff to stop suddenly within about five feet of the car. This caused the first carriage in the rear also to stop suddenly, and its pole came in contact with the rear of his carriage and broke.

in its panels, and such injury is the plaintiff's cause of action.

There was no evidence in the case that materially changes or modifies this statement of the facts, although there was some testimony which we think tends more to confuse the case than to affect its merits. As the plaintiff was so stopped by the car he turned his horses to the right, thinking that perhaps he might go around the car on that side, but just as he did so he met the team of a farmer which had come down from the north, and which was trying to get around the car on that side. The plaintiff therefore turned his horses to the left, to get them out of his way, and the farmer drove around the east end of the car by going in the gutter and on the sidewalk. There is no evidence that the carriage of the plaintiff was moved at all from its first position when stopped. The heads of the horses only were turned. When asked, "Were your horses in the rear of the car?" the plaintiff answered, "No, sir; we *just wanted* to turn around, you know;" and repeated it. The plaintiff's carriage was not stopped by the farmer's team, as the learned counsel of the defendant contends. It is not likely that such a funeral procession would drive out into the gutter and on the sidewalk, to get around the car, and the defendant could not make such an unreasonable demand.

It is very clear from the evidence that whatever the plaintiff did or suffered in this emergency was caused by the sudden stopping of the car. A person who was in the second carriage testified that the plaintiff's carriage was stopped by the car, and was still standing there when the pole of his carriage crashed into it, and a person who rode in a top buggy 100 feet back testified that he heard the "smash" and breakage about the time his buggy was stopped, and he looked ahead and saw the car across the street. This must all have occurred almost instantly.

There was no time for deliberation. The plaintiff supposed that the car would move right on, and its stopping suddenly took him by surprise. All the carriages were following his closely, and they were all stopped about the same time by the car of the defendant. If the second carriage had not been following closely upon the first, its pole would not have been run into its rear, as it was. If there was possibly any other pretended cause of the injury, it was connected and concurred with the sudden stopping of the car as the primary cause, and does not relieve the defendant. But all of such pretended intervening causes were only *conditions* upon which the first main cause operated, or with which it concurred to effect the injury.

On the conclusion of the plaintiff's evidence the defendant moved for a nonsuit, which was granted on the ground, it is said, that the stopping of the car was not the *proximate* cause of the injury. The damages are said to be *proximate* when they are the direct, immediate, ordinary, usual, and natural result of the negligence, and therefore might have been reasonably expected. *In jure causa proxima non remota spectatur.* The damages must follow the negligence as the efficient cause, in unbroken sequence, without any intervening independent causes to break the continuity.

It seems to us that this case comes most clearly within these familiar principles. The carriages were nearly in "touch," and connected like one machine, and this sudden stopping of the car, as the cause, operated on all alike and nearly at the same time, and the injury was within this unbroken sequence. If each carriage, except the last, had been injured in the same manner, the damages would have been proximate to this sudden stopping of the car. It would be difficult to suppose a case that more perfectly illustrates the principle of proximate damages than this. All that occurred at the time that could possibly affect the plaintiff was connected with, and the consequence of, the

stopping of the car across the street. The following are a few cases peculiarly illustrative of these principles in application to this case. The celebrated "squib case," *Scott v. Shepherd*, 3 Wils. 403, 2 W. Bl. 892; Cooley, Torts, 71; *Oliver v. La Valle*, 36 Wis. 592; *Stewart v. Ripon*, 38 Wis. 584; *Brown v. C., M. & St. P. R. Co.* 54 Wis. 342; *McNamara v. Clintonville*, 62 Wis. 207; *Mittelstadt v. Morrison*, 76 Wis. 265; *Carter v. Towne*, 98 Mass. 567; *Cuff v. N. & N. Y. R. Co.* 35 N. J. Law, 32; *Selleck v. L. S. & M. S. R. Co.* 93 Mich. 375; *Johnson v. N. W. Tel. Exch. Co.* 48 Minn. 433; *West v. Ward*, 77 Iowa, 323; *Ala. G. S. R. Co. v. Chapman*, 80 Ala. 615; *Brown v. W., St. L. & P. R. Co.* 20 Mo. App. 222. These cases are none of them clearer examples of what are proximate causes than this case presents, but they illustrate the principles very clearly.

It seems to be conceded that the car obstructed Fourteenth street, in violation of a penal ordinance of the city. This fact was sufficient proof of negligence. *Mittelstadt v. Morrison*, 76 Wis. 265; *Wright v. M. & M. R. Co.* 4 Allen, 283; *Hall v. Ripley*, 119 Mass. 135; *Hanlon v. S. B. H. R. Co.* 129 Mass. 310.

We are compelled to differ from the learned superior court, and hold that the plaintiff made a case which would support a verdict in his favor, and that it was therefore error to grant the nonsuit and render a judgment dismissing the complaint.

*By the Court.*— The judgment of the superior court is reversed, and the cause remanded for a new trial.