GAINES LEATHERS v. BLACKWELL DURHAM TOBACCO COMPANY.

(Filed 16 April, 1907).

1. **Damages—Injury—Children Under Twelve—Statute—Evidence.** In an *action for damages for injury* sustained by a boy under twelve years of age while working for defendant manufacturer at a certain machine, evidence is competent tending to show the dangerous character of the machine, under the circumstances, and knowledge on the part of the defendant that persons at or near plaintiff's age had been injured before, and one since the injury complained of, in operating machines of the same kind and pattern and under the same conditions.

2. **Same—Admitted Facts.**—It is unnecessary to submit to the jury an issue in regard to, or offer evidence on, an admitted fact under the pleading, which would have been issuable if denied; when it can be seen from such facts that the plaintiff was under the age of twelve years when injured, it is not error for the trial Judge to give instructions to the jury based upon the assumption that they should find the plaintiff was then under such age, leaving the question of age to them under proper instructions.

3. **Negligence—Laws of 1903, Ch. 473—Prohibited Age of Employment.**—Under the Laws of 1903, ch. 473, prohibiting employment of children under twelve years of age in factories or manufacturing establishments, it is negligence *per se* upon the part of the employer violating the statute.

4. **Same—Proximate Cause.**—When the facts are not capable of more than one inference, the question of proximate cause is one of law; therefore, when the injury which was occasioned to a child under twelve years of age, employed in violation of a statute, is negligence *per se* on the part of the defendant, and there is no

evidence from which it can be inferred that the child was negligent, the question of proximate cause should not be submitted to the jury.

5. Same—Safe Appliances—Prudence—Experience.—It was not error in the trial Judge to instruct the jury that it was the duty of the defendant to furnish the plaintiff, a child whose employment was prohibited by statute, with safe machinery and instruct him in its use when dangerous, and that the plaintiff was only required to exercise such care and prudence as one of his years and experience may be expected to possess.

6. Same—Contributory Negligence—Presumption.—Under the age prohibited by statute, the presumption is that the child injured while working in a factory or manufacturing establishment is incapable of contributory negligence, subject to be overcome by evidence in rebuttal under proper instructions from the Court.

7. Same—Age—Language of Charge.—When sustained by the evidence, it is not reversible error in the trial Judge to speak of the plaintiff as "a boy only twelve or thirteen years of age."

8. Damages—Statute—Sufficient Evidence.—It is not necessary for the plaintiff to declare upon the statute prohibiting his employment under a certain age, when he sets out facts which bring his cause of action within its meaning.

CIVIL ACTION, tried before *Moore, J.,* and a jury, at October Term, 1906, of the Superior Court of DURHAM County.

This action is prosecuted by plaintiff, appearing by his next friend, for the purpose of recovering damages for injuries sustained while in the employment of defendant. In his complaint he alleges:

1. That the Blackwell Durham Tobacco Company is a corporation duly organized under the laws of New Jersey, but having an office and its factory in the city of Durham.

2. That the plaintiff is a minor, now about the age of fourteen years.

3. That sometime in the year 1905 plaintiff went to work at defendant's factory, in the city of Durham, as a packer

of small sacks of tobacco in boxes for shipment, a work
attendant with no danger.   That on or about 1 May, 1905,
defendant's overseer directed plaintiff to go to work as a tier
of tobacco sacks in the automatic packing room.   That there
are a number of automatic packing machines in this room.
That these machines are very complicated in their structure.
That the machine is a dangerous machine, and if the sack is
not tied on the second and removed, the boy's fingers are
liable to get caught and crushed.   That there are now and
have been for the past six or eight years a large number of
these automatic packing machines in use at defendant's fac-
tory, and also at the Duke factory in the city of Durham.
That during this time a number of boys and young men
working at said automatic packing machines have been seri-
ously injured and maimed for life.   That defendant well
knew, or ought to have known, the dangerous character of
said automatic packing machine and the danger to which
plaintiff was exposed when he was put to work by its over-
seer at tieing tobacco sacks at said machine, but defendant
carelessly and negligently allowed, permitted and required
plaintiff to work thereat, thereby exposing him to the danger
of being maimed for life, and although defendant knew, or
ought to have known, that by reason of his youth and inex-
perience, and small strength due to his size and age, that
plaintiff could not appreciate the danger of said machine and
could not properly guard against the same, yet it negligently
failed to warn him of said danger and give him the neces-
sary instruction in order to avoid same.

4. That on the fourth day after plaintiff was put to work
by defendant's overseer, as aforesaid, as tier at said auto-
matic packing machine, the plaintiff was busily engaged
tieing at said machine and doing his best to perform his work
in a proper manner and to keep pace with said machine,

when, without any default or negligence on his part the plaintiff's middle finger on his right hand was caught between the block and the slides of said machine and his said finger was cut off at the second joint. That plaintiff suffered great pain and mental anguish therefrom, and was kept from his work for several weeks.

Defendant, answering the complaint, admitting its corporate capacity and that "plaintiff is now about the age of fourteen years," says: "The defendant admits that the plaintiff worked for defendant in the early part of 1905, and that the first work done by the plaintiff was as a packer of small sacks of tobacco in boxes for shipment, and sometime about the last of April or the first of May plaintiff changed his employment and was tieing tobacco sacks at an automatic packing machine. It also admits there are several machines in the room where plaintiff worked, and that they are delicate machines and complex, in the sense that they have various parts; but the defendant denies that the description of this machine, as contained in article three, is correct; it also denies that they are dangerous machines. It admits that some boys and young men, working in its factories just as other boys and young men working in other factories, have been hurt; but it denies that during the past three or four years, or at any other time, any number of boys or young men have been hurt through any negligence on its part, or by reason of the dangerous character of the machine described, or that it knew or ought to have known of any dangers in said machines to those who were properly using them, or any danger to which plaintiff was exposed about which he was not fully aware. It denies that it requested the plaintiff to work at any machine, but, on the other hand, alleges that the plaintiff, desiring to do labor at which he could earn more pay, was changed at his own request, and was working

under a competent foreman, who had explained to him (the plaintiff) the character of the machine and the work he was to do, and also cautioned him that he must do his work in a particular way, and not place his hands on any part of the machine where they were liable to be caught. The defendant also denies that the plaintiff, by reason of youth, inexperience, small strength, size, age, or for want of caution, was not aware of or did not fully appreciate the danger incident to his work. The defendant denies that it carelessly and negligently allowed, permitted, or required the plaintiff to work at the machine referred to, and thereby exposed him to the danger of being maimed for life. And it further denies that it negligently failed to warn plaintiff of any danger to which he was subjected or exposed, and to give him the necessary instruction to avoid the same, and, except as herein admitted, the allegations of article three of the complaint are denied.

"The defendant admits that the plaintiff was at work tieing sacks on an automatic packing machine at the time he was injured, but denies that plaintiff was doing the work under compulsion or without his own consent, and denies that plaintiff was properly attending to his duties at the time of his injury, and that the injury occurred without any default or negligence on the part of the plaintiff. The defendant admits that part of one of his fingers on the right hand was caught between the block and slides of said machine and was cut off, and that plaintiff suffered some pain and lost two weeks' time by reason of said injury. That the said machine was a standard machine in general use, and was in good and safe condition, and was equipped with all safety devices known. That the plaintiff well knew of the dangers attending the work of the machine in question, and he voluntarily assumed the risk of said work, well knowing at the time every element of danger incident to the work; and the plaintiff

was not ignorant of the danger of his employment, but, on the contrary, not only had had experience in the working of the machine and its operation, but was fully aware of all dangers incident to its use, and alleges these had been thoroughly explained to the plaintiff by the defendant. That the defendant further avers that the plaintiff by his own negligence and want of care contributed to his injury, in that, contrary to the warning and instruction given him by the defendant, he attempted to tie tobacco sacks after the chain carrying said sacks had revolved over the plate, where it was proper for the plaintiff to tie them, and had moved down below the plate, and in that way the injury was caused; that the plaintiff was not attentive to his duties at the time of the injury, and by reason of his lack of attention and care he did not tie the sacks at the proper time, though he had ample opportunity to do so had he given attention to his work."

The following issues were, without objection, submitted to the jury:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff voluntarily assume the risk involved in operating the automatic packing machine, as alleged in the answer? Answer: No.

3. Did the plaintiff, by his own negligence, contribute to his injury, as alleged in the answer? Answer: No.

4. What damage, if any, is the plaintiff entitled to recover? Answer: $500.

The plaintiff testified regarding the time, manner and circumstances of his employment, use of the machine and his injury. No exception is taken to any portion of his testimony, save wherein he says that "the boys were sometimes docked for letting sacks go under there untied." The exception is not noted or pressed in the brief.

Plaintiff introduced his mother, who testified that he was born on 12 May, 1893. That he went home with his hand in a sling; his finger was cut off, etc. That it was the day on which Mr. Washington Duke died. Plaintiff introduced several witnesses who testified that they had worked at the machine at different times; some of them were injured in same way as plaintiff. To the admission of all of this testimony defendant excepted.

To the testimony of witness Cothrane defendant excepted for the further reason that his injury occurred after plaintiff was injured. His Honor instructed the jury: "If you find from the evidence, by the preponderance or greater weight thereof, the burden of proof being upon the plaintiff, that the plaintiff was less than twelve years of age at the time he was injured; if you find that he was injured, and believe the evidence relating to the employment of the plaintiff by defendant, the work which he was required to do, the character of the machine at which he was required to work, and the injury which the plaintiff alleges that he sustained; and further find from the evidence that the plaintiff was injured by the machine while engaged in the work which he was employed to do, you should answer the first issue, 'Yes.' " Defendant excepted. His Honor instructed the jury respecting the defendant's liability if they found plaintiff to be over twelve years of age, to which no exception was taken. At the request of defendant the jury was instructed:

"The plaintiff cannot recover in this action unless there was negligence on the part of the defendant.

"If you believe the evidence of the plaintiff, he knew the danger of getting his finger cut or injured by the machinery below the iron table or plate.

"The law does not make the employer guarantee the absolute safety of the employee, nor is the employer required to

LEATHERS *v.* TOBACCO CO.

furnish the newest, safest and best machine for the employee's use; but is only required to furnish such a machine as is reasonably fit and safe, and such as is in general use."

Defendant requested his Honor to instruct the jury:

"If the jury believe the evidence in this case there was a safe way for plaintiff to do the work in which he was engaged, and the plaintiff knew this, and if you find the plaintiff undertook to do the work in some other way than the usual way, and this was the cause of the injury, you will answer the first issue, 'No.' "

To the refusal to so instruct the jury, defendant excepted.

His Honor instructed the jury:

"It was the duty of the defendant company to provide a reasonably safe place for plaintiff to work and to supply appliances and machinery reasonably safe and suitable for the work in which he was engaged, and such as are approved and in general use in plants of like kind. An employee will not be deemed to have assumed a risk from the fact that he works on in the presence of a known danger unless the danger be obvious and so imminent that no man of ordinary prudence and acting with such prudence would incur the risk which the condition discloses. Persons who employ children to work with dangerous machinery or in dangerous places should anticipate that they will exercise only such judgment, discretion and care as is usual among children of the same age in similar circumstances, and are bound to use due care, having regard to their age and inexperience, to protect them from dangers incident to the situation in which they are placed."

To each of said instructions defendant duly excepted.

Upon the third issue his Honor charged the jury that "it was their duty to take into consideration the age, intelligence, and knowledge of the plaintiff in regard to the machine and

144—22

his capacity to know and appreciate the danger. That the essential and controlling conception by which a minor's right of action is determined with reference to the existence or absence of contributing fault is the measure of his responsibility. If he has not the ability to foresee and avoid the danger to which he may be exposed, negligence will not be imputed to him if he unwittingly exposes himself to danger. For the exercise of such measure of capacity and discretion as he possesses he is responsible, and that contributory negligence on the part of a minor is to be measured by his age and his ability to discern and appreciate circumstances of danger. He is not chargeable with the same degree of care as an experienced adult, but is only required to exercise such prudence as one of his years may be expected to possess." Defendant excepted.

At the request of the plaintiff, his Honor charged the jury as follows: "If the jury shall find from the evidence that the immaturity and inexperience of plaintiff, a boy only twelve or thirteen years of age, was the cause of his exposing himself to danger, then the plaintiff would not be guilty of contributory negligence." His Honor, at the request of the defendant, gave other instructions in regard to contributory negligence, which are not necessary to set out.

Judgment was rendered upon the verdict for the plaintiff. The defendant appealed, assigning as errors the several rulings of his Honor hereinbefore set forth.

*Manning & Foushee* for plaintiff.
*Winston & Bryant* for defendant.

CONNOR, J., after stating the case: The defendant's exceptions, numbered two to seven, inclusive, are directed to the admission of evidence tending to show that boys, other than and near the age of the plaintiff, were injured while work-

ing at the same machines, it appearing that there were quite a number of exactly the same construction operated in the same room. The purpose of this evidence was not to show any defect in the machine. The basis of plaintiff's action is that, being a child under twelve years of age, the defendant put him to work at a machine the operation of which was dangerous, and that this was known, or ought to have been known, to defendant. For the purpose of showing the dangerous character of the machine and tending to show knowledge thereof on the part of the defendant, the testimony was competent. The machines were all made by the same pattern and operated in the same way and in the same manner. The defendant denies that the operation of the machine was dangerous. What better way to ascertain the truth than by showing that persons at or near plaintiff's age were injured in operating them; that is, machines of the same kind and pattern, under same conditions. If the jury found, as alleged, that they were dangerous, then a higher degree of care was imposed upon the defendant in selecting boys to work at them to give them explicit instructions in regard to the manner of using and operating them. The ruling of his Honor is sustained by *Dorsett's case,* 131 N. C., 263, and is correct upon principle. The fact that Cothrane worked at the same machine, under exactly similar conditions, *after plaintiff was injured,* does not affect the admissibility of his testimony.

Defendant insists that his Honor was in error in giving an instruction based upon the assumption that the jury should find that plaintiff was under twelve years of age, for that there was no evidence to sustain such finding. The complaint alleges that the plaintiff was at the time he began work at the machine "about the age of fourteen years." The complaint was filed at January Term, 1906. "That on or

about 1 May, 1905, the defendant's overseer directed the plaintiff to go to work as a tier of tobacco sacks in the automatic packing room." The defendant, answering, says: "The defendant admits that the plaintiff worked for the defendant in the early part of 1905, * * * and sometime about the last of April or the first of May the plaintiff changed his employment, and was tieing tobacco sacks at an automatic packing machine." Here is a clear averment in respect to the time at which the plaintiff began the work in which he was injured, 1 May, 1905, with an equally clear admission that the plaintiff began work "about the last of April or the first of May, 1905." It is true that for the purpose of availing himself of admissions not responsive to nor called for by the specific allegations in the former pleadings, but made by way of recital, the party relying upon them must put them in evidence, the reason given in *Smith v. Nimock*, 94 N. C., 243, and cases in which it is cited, being that it is but fair to give the party making such admissions an opportunity to explain them. See Munroe's citations. When, however, the plaintiff, in making a "plain and concise statement of facts constituting a cause of action," sets out a date or other material fact, and the defendant, being thus fully informed of the allegation by the plaintiff, expressly admits such material fact so alleged, we can see no good reason why the Court may not take such admission as settling such fact for all purposes connected with the trial. It must be conceded that the decisions heretofore made in respect to admissions which come within the rule announced in *Smith v. Nimock* do not so clearly mark the line of distinction as might be desired. The difficulty experienced in doing so is manifest, but we think it safe to say that when a material fact is alleged in the complaint and admitted in the answer— a fact the denial of which would have presented an issuable

controversy in the cause—it may for the purpose of the trial be taken as true. *Cui bono* submit to the jury an issue or offer proof of something solemnly admitted to be true. Certainly the reason upon which the rule requiring the introduction of the pleadings is based—that the admission may have inadvertently been made—does not obtain in this case. The complaint puts the defendant upon notice that the time of the jury was material, and the age of the plaintiff would constitute a material factor in the litigation. The fact must have been known to the defendant's superintendent by his pay-rolls. To send this case to another jury to ascertain a fact so clearly admitted in the pleadings would be extremely technical. We concur with the learned counsel that there is no evidence in the record showing the day of the injury. The authorities cited and the reason of the thing sustain his contention that where it is incumbent upon a party to show that an event occurred on a particular day of the month, it is not sufficient for him to show that it occurred during the month, the presumption being, as against him, that it occurred on the last day of the month.

Being of the opinion that the answer admits that the plaintiff went to work at the machine "about the last of April or first of May," the jury might have properly inferred that it was prior to the twelfth of May. The testimony shows that the plaintiff was injured on the fourth day of his employment, and that he was born on 12 May, 1893. From these facts, in respect to which there is no controversy, the Court below properly left the question to the jury to say whether the plaintiff was, at the time of the injury, under twelve years of age. Counsel call attention to the affidavit, made by the plaintiff's father, for the purpose of obtaining permission to sue as his next friend, that the plaintiff is "a boy thirteen years old." This affidavit was made 12

January, 1906. He was on that day, according to the evidence, twelve years and eight months old. Assuming, for the purpose of the defendant's argument, that the affidavit was, as a part of the record, before the jury, and that it was competent as a declaration against the plaintiff, we do not perceive any conflict with the plaintiff's contention. To say on 12 January, 1906, that a boy is thirteen years of age does not necessarily contradict the mother's statement that he was born 12 May, 1893. The nearest birthday is usually designated as fixing the age of a person, in common parlance. It was entirely immaterial, for the purpose of the affidavit, to fix the age more definitely.

The defendant earnestly contends that, passing the criticism of his Honor's charge in this respect, he committed error in saying to the jury that if they believed the evidence relative to the employment of the plaintiff by the defendant, the work which he was required to do, the character of the machine at which he was required to work and the injury which he received, and that he was injured by the machine while at work, they should answer the first issue, "Yes." The issue involved the proposition that the plaintiff was injured by the defendant's negligence as alleged. This involved a breach of duty which the defendant owed to the plaintiff, and which was the proximate cause of the injury. The correctness, therefore, of his Honor's instruction depends upon whether there was evidence which, if true, established as a legal conclusion breach of duty, injury and proximate cause. There was unquestionably evidence tending to show that the plaintiff was employed to work in the defendant's factory at a machine, the use or operation of which by him was dangerous; that he was at the time under twelve years of age, and that four days after being put to work he was injured by the machine while employed in operating it,

or tieing the sacks—that being the thing which he was
employed to do.

Assuming these facts to be found by the jury, do they con-
stitute a cause of action, as a matter of law? They un-
doubtedly would not if the plaintiff were over twelve years
of age. At the time of the employment and of the injury,
the Statute Laws, 1903, ch. 473, declared: "That no child
under twelve years of age shall be employed or work in any
factory or manufacturing establishment within this State."
It is not denied that the plaintiff was injured in a "factory
or manufacturing establishment" within the meaning of the
statute. We thus have presented for decision the question
whether the employment of a child in a factory within the
prohibited age is negligence *per se,* entitling it to recover for
an injury sustained, such employment being the proximate
cause thereof—or whether such employment is only evidence
of negligence to be submitted to the jury.

His Honor evidently construed the language used by us
in *Rolin v. Tobacco Co.,* 141 N. C., 300, as answering the
first branch of the question affirmatively. In that case, being
the first which came to this Court after the passage of the
statute, the Court below *nonsuited* the plaintiff and we held
that in any aspect of the testimony the case should have gone
to the jury.

The question which gave us more difficulty in the case was
whether, upon the plaintiff's testimony, he was engaged in
performing the work for which he was employed, and, there-
fore, whether there was any evidence that such employment
was, in any aspect of the testimony, the proximate cause of
his injury. This Court has held in a series of cases, affirm-
ing the instructions given by the Superior Court Judges,
that a failure to obey town ordinances regulating the rate
of speed was at least evidence of negligence. *Edwards v.*

*Railroad,* 129 N. C., 78.   The language of *Justice Douglas* indicates that in some cases such violation of a town ordinance would be negligence *per se.*   The Judge in *Edwards' case* instructed the jury that if the injury to the plaintiff's intestate was caused by the violation of the ordinance, they should give to the first issue an affirmative answer.   This the Court said was correct.   In other cases we have approved the instruction that violation of speed ordinances was evidence of negligence.   In *Rolin's case, supra,* we followed this rule, saying that the employment of a child within the prohibited age was strong evidence of negligence.   In neither of those cases was it necessary to decide the question presented by his Honor's instruction.   The defendant insists that the instruction, by treating this employment, assuming the plaintiff to be under twelve years of age, as negligence *per se,* does violence to the decision in *Rolin's* case.

We have given to the question most careful consideration, and re-examined both the basis of the rule and the authorities in which it is discussed.   Mr. Bishop says: "Whenever the common law, a statute or municipal by-law, or any other law imposes on one a duty, if of a sort affecting the public within the principles of the criminal law, a breach of it is indictable, and a civil action will lie in favor of any person who has suffered specially therefrom."   *   *   *   "The civil action is maintainable when, and only when, the person complaining is of a class entitled to take advantage of the law, is a sufferer from the disobedience, is not himself a partaker in the wrong of which he complains, or is not otherwise precluded by the principles of the common law from his proper standing in Court."   Non-contract Law, secs. 132-141.   *Lord Holt* ruled that "when a statute enacts or prohibits a thing for the benefit of a person he shall have a remedy upon the same statute for the thing enacted to his advantage, or for

the recompénse of a wrong done to him contrary to the said law." Mod. Cases, 26-27. *Judge Thompson,* in his work on Negligence (vol. 1), sec. 10, says: "When the Legislature of a State or the council of a municipal corporation, having in view the promotion of the safety of the public or of individual members of the public, commands or forbids the doing of a particular act, the general conception of the courts, and the only one that is reconcilable with reason, is that a failure to do the act commanded, or doing the act prohibited, is negligence as mere matter of law, otherwise called negligence *per se;* and this, irrespective of all questions of the exercise of prudence, diligence, care or skill. So that if it is the proximate cause of hurt or damage to another, and if that other is without contributory fault, the case is decided in his favor, and all that remains is to assess his damages."

The author expresses regret that "two or three authoritative courts" have held that the violation of a statute is only "evidence of negligence." He proceeds to criticise the doctrine in vigorous terms, sec. 11: "If a specific duty is imposed upon any person by law or by a legal authority, an action may be sustained against him by any person who is specially injured by his failure to perform that duty." Shearman and Red. Neg., 54. The authors say that the action is in tort for negligence. "The violation of an imposed statutory duty is a sort of negligence *per se.* Thus, where a railroad operates its trains at a higher rate of speed than the law allows, the question whether it is guilty of negligence is not debatable. This preliminary matter the law conclusively determines against the company, and the sole question to be settled in cases of this kind is whether that delinquency can be considered a proximate cause of the damage of which complaint is made." 1 Street Foundation

Legal Liability, 172. A number of illustrative cases are cited. The several views are stated in 21 Am. and Eng. Enc., 478, and the cases, illustrating them, cited. We have carefully examined a number of cases and find that a large number of the courts have adopted· the opinion of the text-writers. It is so held in Perry v. Tozer (Minn.), 97 N. W., 137; Am. Car Co. v. Armentrual, 214 Ill., 509; Billings v. Breinig, 45 Mich., 65. In Railroad v. Stebbing, 62 Md., 505, Alvey, C. J., speaking of a speed ordinance says: "This ordinance is general, and is for the protection of the public generally; but the neglect or disregard of the general duty imposed for the protection of every one can never become the foundation of a mere personal right of action until the individual complaining is shown to have been placed in position that gave him particular occasion and right to insist upon the performance of the duty to him personally. The duty being due to the public, composed of individual persons, each person specially injured by the breach of duty thus imposed becomes entitled to compensation for such injury." In Railroad Co. v. Voelker, 129 Ill., 540, it is said (p. 555): "A statute commanding an act to be done creates an absolute duty to perform such act, and the duty of· performance does not depend upon and is not controlled by surrounding circumstances. Non-performance of such statutory duty, resulting in injury to another, may therefore be pronounced to be negligence as a conclusion of law." Penna. Railroad v. Horton, 132 Ind., 189; Ga. Railroad v. Carr, 73 Ga., 557; Railroad v. Young, 81 Ga., 397; Messenger v. Pate, 42 Iowa, 443; Muller v. Milwaukee Street Railway Co., 86 Wis., 340; Hayes v. Railroad, 70 Tex., 602; Tucker v. Ill. Cent. Railroad, 42 La. Ann., 114; Queen v. Dayton Coal Co., 95 Tenn., 459; 49 Am. St., 935. In Salisbury v. Horchenroder, 161 Mass., 458, the evidence showed that defendant

hung a sign over the sidewalk in front of his store, in violation of an ordinance of the town. It was blown down by a gale of wind, injuring plaintiff's property. *Chapman, C. J.,* said: "If the defendant's sign had been rightfully placed where it was, the question would have been presented whether he had used reasonable care in securing it. If he had done so, the injury would have been caused, without his fault, by the extraordinary and unusual gale of wind, etc. * * * But the defendant's sign was suspended over the street in violation of a public ordinance of the city of Boston, by which he was subject to a penalty. He placed and kept it there illegally, and this illegal act of his has contributed to the plaintiff's injury." The defendant was held liable because in placing the sign over the sidewalk he violated the city ordinance, and this illegal act was held to be the proximate cause of the injury to plaintiff. In *Toby v. Burlington, C. R. & N. Railway,* 33 L. R. A., 496 (94 Iowa, 256), it is said: "It is a general rule that the doing of a prohibited act, or the failure to perform a duty enjoined by statute or ordinance, constitutes negligence for which the party guilty of such act or omission is liable, unless excused by the contributory negligence of the one to whose person or property it is done," citing many authorities. To the same effect is Labatt on Master and Servant (vol. 2), 2177. He says: "By many courts it is held that a violation of such a statute constitutes negligence *per se.*" After stating the other theories, he says: "That the former of these theories is the correct one can scarcely be doubted. A doctrine, the essential effect of which is that the quality of an act which the Legislature has prescribed or forbidden becomes an open question upon which juries are entitled to express an opinion, would seem to be highly anomalous. The command or prohibition of a permanent body, which represents an entire community,

ought, in any reasonable view, to be regarded as a final judgment upon the subject-matter, which renders it both unnecessary and improper that this question should be submitted to a jury." The latest expression of judicial thought in England corresponds with the authorities cited. In *Groves v. Wimborne,* 2 L. R., 1898, Q. B. Div., 402, *Rigby, L. J.,* at p. 412, says: "When an absolute duty is imposed upon a person by statute, it is not necessary, in order to make him liable for the breach of that duty, to show negligence. Whether there be negligence or not, he is responsible *qua cunque via* for the non-performance of the duty." In New York the Court held in the *Marino case,* 173 N. Y., 530, upon an appeal from a judgment of nonsuit, in an action by a child employed within the prohibited age for an injury sustained, that the violation of the statute was at least evidence of negligence. In *Lee v. Silk Mfg. Co.,* 93 N. Y., Supp., 560, *Gaynor, J.,* in a very strong and satisfactory opinion, held that in such an action the employment in violation of the statute was negligence *per se.* He reviews the *Marino case* and shows that to say that such violation is "some evidence" is illogical. This case was appealed to the General Term and reversed upon the authority of the *Marino case.* 101 N. Y., Supp., 78. While it may not be strictly accurate to speak of the breach of duty arising out of a violation of a statutory duty as negligence, as we have seen, it is so generally treated, as entitling the injured person to an action on the case for negligence. For practical purposes, it is a convenient mode of administering the right because it involves the question of proximate cause and contributory negligence.

Upon careful consideration, we conclude that the law is correctly laid down by *Judge Thompson* and the other authors quoted, and sustained by the best-considered decided

cases. The defendant insists that if this be true his Honor committed error when he withdrew from the jury the question of proximate cause. While it is true that if there be any dispute regarding the manner in which the injury was sustained, or if, upon the conceded facts, more than one inference may be fairly drawn, the question should be left to the jury, yet it is equally well settled that when there is no dispute as to the facts, and such facts are not capable of more than one inference, it is the duty of the Judge to instruct the jury, as matter of law, whether the injury was the proximate cause of the negligence of the defendant. In this case the plaintiff is the only witness as to the manner in which he was injured. After describing the construction of the machine and the method of operating it, he says: "I worked four days as a tier; had to tie 25 or 30 sacks a minute on the fast machine. As the blocks move, the tags are on the left-hand side of the blocks. You cross your hand and catch the double string on the sack and draw it up and tie it in a bow knot. You sit on the stool. * * * As I went to tie the sack, the string got around my finger and, as the blocks moved, it pulled my finger into the blocks. There is a little slide by these blocks, and the string pulled my finger under the blocks, and it was caught between slide and block." His finger was cut off. From this testimony we do not perceive how any question can arise in regard to the proximate cause. The illegal act of the defendant placed the plaintiff at the machine. While operating the machine as he was employed to do, he was injured in the manner described by him. What other inference or conclusion can be drawn than that the employment, in violation of the statute, was the proximate cause of the injury. There is no suggestion of any intervening cause, as in *Rolin's case.* We are not, in this aspect of the case, considering the dangerous character of the machine

or the duty to warn and instruct plaintiff. These matters would be pertinent if plaintiff was over the prohibited age. These duties are imposed by the common law, independent of any statute. This is elementary and illustrated in many cases. The statute is made, in pursuance of a wise, humane public policy, to prohibit the parents of children under twelve years of age from hiring them out or owners of factories from employing them to work in the places named, the Legislature taking notice of the character of work, etc.

In the exercise of her power and in the discharge of her duty to protect her young children from being crippled, maimed and growing up in ignorance, rendering them unfit to discharge the duties of citizenship, the State positively, and without regard to the character of the machine used, prohibits children under twelve years of age from being employed or worked in "factories or manufacturing establishments." The law is made for their protection, and where, by its violation, one of them suffers an injury a right of action accrues to him for damages. In the language of *Judge Gaynor, supra:* "This is a statute which marks an epoch in the progress of humanity, and the courts should not get in its way or whittle it down." This Court has, in no uncertain way, discharged its duty to so construe the statute as to advance the remedy and suppress the evil. *Fitzgerald v. Furniture Co.,* 131 N. C., 636.

For the first time we have before us the question presented by his Honor's instruction. We are of the opinion that, although possibly somewhat in advance of what was said in *Rolin's case,* he correctly interpreted the law, and we sustain his ruling. From the viewpoint that the plaintiff was not under twelve years of age, his Honor correctly instructed the jury regarding the defendant's duty to furnish safe machinery and instruct the plaintiff in its use. There can be

no just criticism in this respect. It is uniformly held that a child within the prohibited age does not assume any risk of the employment to which he is put. Some of the courts deny that a recovery for injuries can be prevented by contributory negligence. We had occasion to examine this question in *Rolin's case,* and upon a re-examination of it find no reason to change our opinion as therein expressed. The presumption is that a child under twelve years of age is incapable of contributory negligence, but this presumption may be overcome and, if there be evidence tending to do so, it should be submitted to the jury with proper instructions. This his Honor did, and we find no error of which defendant can complain in this respect. The only other exception urged in the brief is that in speaking of the age of the plaintiff's alleged contributory negligence he used the expression, "a boy only twelve or thirteen years of age," etc. The instruction was free from error, and we do not think the words criticised are open to the exception.

We have examined with care the entire charge, and think that the case, in all of its phases, was fairly submitted to the jury. The defendant argues that because plaintiff did not declare upon the statute, or make any reference to it, he can not avail himself of its provisions. While it is true that where one sues for a penalty it is usual and proper to refer to the statute, it is not necessary if he set out facts bringing his case within the statute. Plaintiff sues for a breach of duty, and may rely on the statute to maintain his action. We note that the General Assembly, at its late session, restored the statute as enacted in 1903 and changed in the Revisal, with some further protective features requiring certificate as to age and school attendance. It is the settled policy of the State of North Carolina that her children, under the age of twelve, at least, shall be in her public schools

TOBACCO CO. *v.* TOBACCO CO.

and not in her factories and manufacturing establishments. In giving the construction which we have to the statute we but advance this wise, humane and settled policy of the State.

The judgment must be

Affirmed.