J. E. SMITH v. G. E. ALPHIN.

(Filed 7 April, 1909.)

1. Briefs—Exceptions Abandoned.

Exceptions not stated in the brief are deemed abandoned. Rule 34.

2. Evidence—Contracts—False Warranty—Price Paid—Recovery by Purchaser.

Evidence that certain warranted preservative powders for fruit, sold by defendant to plaintiff, contained sulfur, contrary to the statute, the nature of which was not divulged to plaintiff until after he had paid for them, is incompetent upon the question of deceit or misrepresentation, in an action by the purchaser to recover the price he had paid.

3. Same—Subsequent Purchase With Knowledge.

One who had bought certain preservative powders for fruit, containing sulfur, the use of which is prohibited by the State, cannot avail himself of the allegation of deceit or misrepresentation upon the warranty, in a suit he has brought to recover the price he has paid therefor, when he has since made a purchase of the same kind of powders with knowledge of their contents.

4. Issues—Objections Cured by Verdict.

An instruction, if erroneous, that certain matters arising under a certain issue submitted were the crucial ones, becomes immaterial when the jury has answered that issue in favor of the party objecting.

5. Contracts — Warranty — False Representations — Test — Instructions.

In an action upon a warranty for deceit or misrepresentation it is correct for the judge ·to charge the jury that one of the decisive tests whether the language used was a mere expression of opinion or a warranty is whether it purported to state a fact upon which it may fairly be presumed the seller expected the buyer to rely, and upon which the buyer would, ordinarily, and did rely.

6. Contracts—Consideration—Preservative Powders—Use Prohibited by Statute—Value.

In an action to recover the purchase price paid for certain preservative powders for fruits the fact that such powders contained sulfur, contrary to a statute, does not in itself prove a failure of consideration, as it does not necessarily follow that they would be deleterious or worthless, especially when sulfur in such powders is approved for the purposes intended by the United States Department of Agriculture. Revisal, sec. 3972.

APPEAL from *Neal, J.,* at August Term, 1908, of WAYNE.

The plaintiff alleged two causes of action, *i. e.,* false warrant in the sale of certain letters patent for an improved fumigating apparatus, which, in connection with certain sanitary powders, "would preserve all fruits and vegetables at a nominal cost," and also for deceit and false representation in the sale thereof, the said powders being alleged by plaintiff to be hurtful, their use contrary to law, and valueless. The answer was a full denial. Verdict for defendant, and appeal by plaintiff.

*Aycock & Winston, M. T. Dickinson* and *F. A. Daniels* for plaintiff.

*J. D. Langston* and *W. C. Munroe* for defendant.

CLARK, C. J. Exceptions 1, 4, 5, 6, 9, 10 and 12 are abandoned, not being set out in appellant's brief. Rule 34.

Exception 2 was for refusal to submit issues as to the second cause of action—for deceit and misrepresentation. But there was no evidence to justify the submission of those issues. The plaintiff relies upon his evidence, that the defendant did not divulge the nature of the powders—charcoal and sulfur—until after he had paid, and that the State law forbade the use of sulfur. Laws 1905, ch. 306, sec. 3. If this law applied to this case, this might have been a defense if the defendant had brought suit for the purchase money *(Vinegar Co. v. Hawn,* 149 N. C., 355), but it does not establish deceit or misrepresentation. Besides, as, subsequently, with full knowledge, the plaintiff made a second trade with the defendant, he cannot now rely upon this allegation. *Smith v. Newberry,* 140 N. C., 385.

Exception 3 was that the judge told the jury that the second issue, "Did the defendant warrant that the said powders, when used in connection with said apparatus, would preserve fruits and vegetables, at nominal cost, so that they would at all times be as fresh, palatable and wholesome, as when picked from the trees or gathered from the garden?" was the crucial one. The jury answered this issue "No"; therefore the plaintiff's contention that the third issue, "Was the warranty false?" was the crucial one becomes immaterial.

The court charged: "One of the decisive tests whether the language used is a mere expression of opinion or a warranty is whether it purported to state a fact upon which it may be fairly presumed the seller expected the buyer to rely, and upon which the buyer would ordinarily rely." The plaintiff's seventh exception was to this paragraph of the charge, and the eighth was to the following instruction: "In addition to this, in order to constitute a warranty, the plaintiff must have relied on it, and must have reasonably relied upon it." We cannot sustain these exceptions. *Baum v. Stevens,* 24 N. C., 411; *Beasley v. Surles,* 140 N. C., 605.

Exception 11: The food chemist, Mr. Allen, testified substantially that it was against the statutes of North Carolina for one to sell a preparation containing sulfur to be used in the preservation of fruit. Counsel for the plaintiff commented upon this evidence, but the court charged the jury that the act in question had nothing to do with the case. The plaintiff contends that it had much to do with the case, for if the preparation was outlawed by the State it was worthless; that the person using it would be guilty of a misdemeanor, and the contract between plaintiff and defendant would be not only *contra bonos mores,* but a violation of a plain statute, and therefore there would be no consideration whatever to support the contract, and the contract would be inoperative and void; that this contract was solvable only in North Carolina, and it was useless and worthless in said State, and no valid cause of action can grow out of a breach thereof, citing the Pure-food Law (chapter 306, Laws 1905, sec. 3). *Leathers v. Tobacco Co.,* 144 N. C., 343. It is true that the defendant could not recover the purchase price if the use of sulfur for that purpose was forbidden, but it does not necessarily follow that the article would be deleterious or worthless, and that the plaintiff could therefore recover back the money paid.

The Legislature had the constitutional right to enact the statute, but its judgment as to the laws of chemistry may be incorrect and the article not deleterious. If so, while the seller could not recover the purchase price, the buyer cannot recover it back. The Pure-food Law (chapter 86, Laws 1899, and chapter 306,

Laws 1905; Revisal, sec. 3970a, subsec. 6) manifestly has reference to the adulteration of foods kept for sale (Revisal, sec. 3969), and, therefore, if for no other reason, does not apply to this controversy, and the judge, instead of the witness, was right. Section 8, chapter 89, Laws 1899, now Revisal, sec. 3972, is as follows: "But when standards have been or may be fixed by the Secretary of Agriculture of the United States, they shall be accepted by the Board of Agriculture and published as the standards for North Carolina." It is asserted in defendant's brief that at the time this contract was made, preserving by sulfur fumes was approved by the Agricultural Department of the United States, and that a circular has been issued by it approving of such preservatives. If so, then for this additional reason the Pure-food Law had nothing to do with this case.

No Error.